Kenneth R. FLUHARTY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–676.

United States Court of Veterans Appeals.

Submitted April 17, 1992.

Decided May 18, 1992.

Kenneth R. Fluharty, pro se.

Raoul L. Carroll, General Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and John D. Lindsay, Jr. were on the pleadings for appellee.

Before FARLEY, MANKIN, and IVERS, Associate Judges.

IVERS, Associate Judge:

On April 17, 1992, the Secretary of Veterans Affairs (Secretary) moved for reconsideration, or in the alternative to vacate or modify the April 3, 1992, opinion issued in this appeal. Reconsideration is hereby granted; the April 3, 1992, decision is vacated and the following decision issued.

Appellant, Kenneth R. Fluharty, appeals from an April 2, 1990, Board of Veterans' Appeals (BVA or Board) decision affirming the denial of entitlement to a total disability rating for compensation purposes based on individual unemployability due to his service-connected disorders, and entitlement to an increased rating for a right ankle disorder, a back disorder, and a right knee disorder. Appellant, proceeding *pro se,* argues on appeal that the Board's decision was clearly erroneous. The Secretary filed a motion for summary affirmance as to both claims. For the reasons set forth below, the Secretary's motion is denied as to the unemployability claim, which is remanded to the BVA for readjudication, but is granted as to appellant's claim for an increased rating for his service-connected disorders.

## I. BACKGROUND

Appellant served in the United States Army from December 4, 1961, to June 18, 1963. R. at 9. While in service, appellant sustained a fracture of his right ankle. R. at 96. He had surgery on his ankle twice,

and, in 1962, a screw was inserted to stabilize the ankle joint. *Id.* He also hurt his back in 1961, and, at some time during service, he injured his right thumb. Appellant was discharged with a permanent disability to his right ankle pursuant to 10 U.S.C. § 1201 (1958) (subsequent amendments have not substantially altered the statute). He was later granted a forty-percent disability rating by the Veterans' Administration (now Department of Veterans Affairs) (VA) for residuals of a right ankle fracture with ankylosis, and a zero-percent disability rating for residuals of a fracture of his right thumb. R. at 70. In a decision dated April 5, 1968, the BVA determined that appellant's forty-percent disability rating was not sufficient to support a total rating for compensation purposes on the basis of individual unemployability. R. at 12.

Appellant began to receive disability payments for a service-connected lumbar strain in January 1980. R. at 70. Appellant was originally rated for that disability at twenty-percent, but this was increased to a forty-percent disability rating in 1985. *Id.* Appellant was granted a ten-percent disability rating for his right knee and a zero-percent rating for sexual impotency by the rating board in a July 8, 1987, rating decision. *Id.*

Appellant was denied individual unemployability in a February 19, 1981, BVA decision and in a December 23, 1987, BVA decision. R. at 16–21, 80–85. Appellant attempted to reopen his claim for individual unemployability and for an increased rating for his service-connected disabilities; but both claims were denied by subsequent rating decisions dated November 4, 1988, and December 7, 1988. R. at 99, 102. Appellant filed a Notice of Disagreement on December 23, 1988. R. at 105. Appellant underwent a VA examination by two family-practice doctors on March 15, 1989. R. at 125–32. Appellant's final diagnosis was hypertension, obesity, loss of motion in the right knee and severe degenerative disc disease in the lower thoracic and lumbar spine. R. at 129. Appellant's claims were again denied by the rating board in its May 4, 1989, rating decision. R. at 133. On

April 20, 1990, the BVA upheld the denial. Appellant made a timely appeal to this Court. The Court has jurisdiction to hear this appeal pursuant to 38 U.S.C. § 7252 (formerly § 4052).

## II. ANALYSIS

### A. Individual Unemployability

While we find as set forth at Part II. B. below, that the BVA's analysis of the record as to appellant's claims for increased ratings was adequate, we find that, as to the claim for individual unemployability, it was not.

The Court finds that appellant has submitted new and material evidence sufficient to reopen his previously disallowed individual unemployability claim. *See Colvin v. Derwinski*, 1 Vet.App. 171 (1991). Once reopened, "the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old." *Manio v. Derwinski*, 1 Vet.App. 140, 145 (1991) (emphasis in original). In reaching its decision, the Board must provide adequate reasons or bases for its findings and conclusions. *See Gilbert v. Derwinski*, 1 Vet. App. 49, 56–57 (1990).

A total disability rating "will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340(a) (1991). A permanent total disability "will be taken to exist when such impairment is reasonably certain to continue throughout the life of the disabled person." 38 C.F.R. § 3.340(b) (1991). A total disability rating may be awarded even if the Schedule for Rating Disabilities provides an evaluation of less than one-hundred percent; however, the rating must be based on a determination "that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age." 38 C.F.R. § 3.341(a) (1991). *See Hersey v. Derwinski*, 2 Vet.App. 91, 94, (1992).

Appellant has a combined disability rating of seventy-percent from December 17, 1985, plus special monthly compensation under 38 U.S.C. § 1114(k) (formerly § 314(k)), for the loss of a creative organ. Appellant has been unemployed since his discharge from active service in 1963. There is a discrepancy in the record regarding appellant's educational level. In one instance he is referred to as having a sixth-grade education, but in another, a seventh-grade education. R. at 2, 11. In addition to the above-mentioned service-connected disabilities, appellant also suffers from the following non-service-connected disabilities: hypertension, diabetes mellitus, arteriosclerotic heart disease, stable angina, anxiety neurosis with depression, obesity, spina bifida occulta, degenerative changes of the sacroiliac joint, residuals of a fracture of the left clavicle, and residuals of fractures of the left fifth, sixth, and seventh ribs. R. at 133–35. The Board, although it mentioned the non-service-connected disabilities in its discussion, failed to set forth reasons why it was "not persuaded" that appellant was unemployable based solely on his service-connected injuries. *See Kenneth R. Fluharty*, BVA 90–07724, at 6 (Apr. 2, 1990).

There has been some inconsistency in past BVA decisions regarding his unemployability claim. Such inconsistency is relevant to the decision currently on appeal before the Court.

Although the April 5, 1968, decision was the first BVA decision to deny appellant's claim of individual unemployability, the February 19, 1981, BVA decision, was arguably the first BVA decision to discuss the unemployability issue in some detail. In that decision, the Board stated:

> To establish entitlement to a total disability rating based on individual unemployability, the evidence must show that the veteran's *service-connected disabilities, in and of themselves, when considered with his education and occupational experience*, are of such severity as to preclude his participation in any substantially gainful employment. The veteran's service-connected disabilities have not been shown to be of such severity in the present case. Although the veteran's service-connected right and low back

disorders would, obviously, *preclude his participation in any types of employment which would require standing or walking,* they are not of such severity as to preclude his engaging in the *sedentary* types of employment (such as *light manual labor*) which are *commensurate with his educational and occupational experience.* Consequently, a total disability rating based on individual unemployability is not warranted.

R. at 20 (emphasis added). Because the Board found that appellant was capable of some unspecified type of "light manual labor," individual unemployability was denied. When appellant's claim was reevaluated by the BVA in June 1987, the BVA remanded the case to the VA Regional Office to make a finding as to unemployability. The BVA, in a subsequent December 23, 1987, decision upheld the July 8, 1987, rating decision denying unemployability by stating:

The Board has considered the current impairment produced by the veteran's service-connected disorders. Initially, we would point out that we are prohibited from considering impairment due to non[-]service-connected disabilities. Specifically, any impairment due to the veteran's cardiovascular disease or any medical problems affecting joints other than the lumbar spine, right knee and right ankle cannot be added to that impairment from his service-connected problems.

The current medical evidence indicates that the veteran does have some limitation of low back and right leg function. These appear to represent the greatest disability from service-connected disorders. In taking the evidence in its entirety, we are not persuaded that his service-connected disorders currently produce that level of impairment which would render him unemployable. Specifically, we find that unemployability cannot be *solely* attributed to his service-connected disorders.

R. at 83–84, (emphasis in original). The Board did not mention its previous finding that the only type of employment appellant could do was sedentary employment such as "light manual labor." Instead, it found that appellant was not "unemployable."

However, aside from the above conclusory remarks, the December 1987 BVA opinion contained no reasons or bases for the Board's position that it was "not persuaded" that appellant was unemployable. Nor did it consider the relationship, if any, between appellant's service-connected and non-service-connected disabilities. The 1990 BVA decision, which is the decision on appeal, stated:

While the claimant's service-connected disabilities *no doubt render him incapable of physically demanding substantially gainful employment, they have not rendered him unemployable.* Additionally, his right thumb fracture residuals and sexual impotency are not considered significantly disabling in terms of his employability. The claimant has several *non[-]service-connected* disabilities affecting his employability, not the least of which are obesity, a neurosis, diabetes mellitus, and arteriosclerotic heart disease with hypertension and angina. *Considering only his service-connected disabilities, he is considered able to participate in a relatively sedentary form of substantially gainful employment. We are not persuaded that he has been rendered unemployable by reason of his service-connected disabilities.*

*Fluharty,* BVA 90–07724, at 6, (emphasis added).

In its latest decision, the BVA finding that appellant cannot do "physically demanding" work, supports its previous finding that he was capable of performing sedentary employment such as "light manual labor." Although the Board has voiced an opinion as to whether appellant is employable, it has not provided reasons or bases in support of its finding that appellant is employable. *See Hyder v. Derwinski,* 1 Vet. App. 221, 224 (1991) (BVA decision failed to give reasons or bases for the conclusion that appellant's back disorder did not preclude her from substantially gainful employment in view of her age, education and work experience); *Hatlestad v. Derwinski,*

1 Vet.App. 164, 169–70 (1991) (BVA decision failed to resolve substantial discrepancies in the record regarding appellant's capacity to work including appellant's educational level, his last hospitalization, the extent of his pain, and the dates of his last employment).

From the record, it appears that appellant is periodically in a wheelchair. R. at 140. This, combined with the fact that he has a sixth or seventh-grade education, would seem to severely limit the types of manual labor that appellant could perform.

According to 38 C.F.R. § 4.15 (1991), an "unemployability" rating is "based primarily upon the average impairment in earning capacity." The regulation goes on to say "[t]otal disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." Section 4.16(b) of 38 C.F.R. states, in part, that "[t]he rating board will include a full statement as to the veteran's service-connected disabilities, employment history, educational and vocational attainment and all other factors having a bearing on the issue." According to this record, appellant has no employment history and only a sixth or seventh-grade education. Realistically, if he was discharged as being permanently disabled by an ankle injury, the reason for the discharge was that the Army had no employment for him, including "light manual labor."

The BVA further erred by failing to address the different medical opinions expressed as to appellant's unemployability. In particular, the Board failed to discuss the report of Dr. Robert J. Sidow, an orthopedic surgeon, and Dr. Govind M. Patel. Dr. Sidow diagnosed appellant as having a "[f]ractured right ankle, operated [sic] with fibrotic ankylosis. Severe arthritis right ankle. Low back condition with chronic pain. Obesity." R. at 96. Except for obesity, appellant is service-connected for the other disabilities. Dr. Sidow further stated that appellant would have to lose weight in the near future but added:

Patient is unable to work. He has a stiff right ankle and it is a severe disability. His back is a chronic problem. He will not improve in the future. He is not employable. There is no treatment that would improve his condition. Recommend that the patient have a Total [sic] disability.

*Id.* Dr. Patel appeared to state that appellant's unemployability was a combination of both his service-connected and non-service-connected disabilities when he stated:

This patient has multiple medical problems along with low back pain and right leg pain. He also suffers from significant depression. He has angina and uses 6–8 nitroglycerine every week. When I see him at the office, he has a hard time walking from the waiting room to my examining room. He is unable to get on and off the examining table. I consider him totally disabled.

R. at 97. The Board did not address either doctor's opinion in its decision.

In considering appellant's arguments and the Secretary's motion, it appears that remand is the appropriate remedy. It is not the function of this Court to determine in the first instance whether an appellant is entitled to individual unemployability or to assign a rating; "rather, it is the function of this Court to decide whether such factual determinations made by the BVA in a particular case constituted clear error." *Gilbert,* 1 Vet.App. at 53. In assessing appellant's unemployability, the Board may be unable to determine whether appellant's unemployability is caused by his non-service-connected disabilities or by his service-connected disabilities. If that is the case, then the evidence may be so evenly balanced that the "benefit of the doubt" doctrine found in 38 U.S.C. § 5107(b) (formerly § 3007(b)) may apply. *See Gilbert,* 1 Vet. App. at 53–56.

B. Increased Ratings for Appellant's Service–connected Disorders

██ With respect to appellant's claim for an increased rating for his ankle, back, and right knee condition, it is the holding of the Court that appellant has not demonstrated that the BVA committed either legal or

**414**

factual error which would warrant reversal or remand. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b). *See Gilbert,* 1 Vet.App. at 53–57. Summary disposition is appropriate for this issue, where the outcome is not reasonably debatable. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

### III.  CONCLUSION

Therefore, based on the reasons discussed above, the Secretary's motion for summary affirmance is DENIED as to the unemployability claim, which is REMANDED to the BVA for further development and reconsideration of all relevant evidence, issues, and regulations in a manner consistent with this opinion, but is GRANTED with regard to appellant's claim for an increased disability rating for his service-connected disorders.