Charley C. HANSON, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–781.

United States Court of Veterans Appeals.

June 11, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of January 18, 1991, the Board of Veterans' Appeals (Board or BVA) denied appellant's claim to an increased rating for service-connected post-traumatic stress disorder (PTSD), currently evaluated at 70% disabling. In addition, the BVA denied appellant's claim to a total disability rating based on individual unemployability. A timely appeal to this Court followed. On December 17, 1991, appellant filed a brief. On February 25, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief to stay further proceedings. Appellant has not filed a response to this motion.

Appellant, Charley C. Hanson, Jr., served on active duty from January 31, 1966, to November 29, 1968. R. at 2. In a rating decision dated September 14, 1981, appellant was awarded service connection for PTSD, evaluated at 50% disabling from September 27, 1979. R. at 2, 4. This rating was increased to 70% in a December 22, 1983, rating decision. R. at 1. In addition, appellant currently is rated at 10% for service-connected tinnitus, and has service-connected noncompensable ratings for a healed ankle fracture, partial bilateral high tone defective hearing, diabetes mellitus, and a left knee injury. R. at 31.

On February 16, 1990, appellant submitted a claim for increased compensation based on unemployability. R. at 5–7. A social industrial survey and pension compensation evaluation was conducted on June 25, 1990. R. at 17–18. The evaluation report noted that appellant "is extremely isolated from people, [and] puts enormous amount of energy into controlling his angry impulses.... [Appellant] has virtually no support system other than his mother who he does not get along with." R. at 18. In addition, appellant was reported to be suffering from regular flashbacks involving his service in Vietnam.

On July 2, 1990, a psychiatric compensation and pension examination was conducted. R. at 20–24. This examination report also described appellant's recurrent flashbacks and inability to interact with others. The report specifically stated that "it is his difficulty with relationships that stands out most notably. Any kinds of relationships having to do with authority will tend to bring back such experiences and he will 'get pissed off immediately.'" R. at 20. The report concluded: "Clearly, [appellant] is almost completely incapable of interacting with others effectively and has proven so over the years." R. at 23. While the report also diagnosed appellant to be suffering from other disorders, it unequivocally stated that the primary diagnosis was PTSD. R. at 24. In support of this diagnosis, the report affirmed that while in service, appellant had been subjected to

"severe to catastrophic" stressors, and rated his level of adaptive functioning as, at best, "fair to poor." *Id.*

In denying appellant's unemployability claim, the BVA stated that appellant's condition "[u]nquestionably ... poses very serious problems for employment purposes." *Charley C. Hanson, Jr.,* BVA ___, at 5 (Jan. 18, 1991). Nevertheless, it concluded that appellant is not incapable of working solely as a result of his service-connected disabilities, which "have not been shown to have any significantly adverse effect on his employability." *Id.* The Board continued:

> We recognize that [appellant's] problems in getting along and associating with other people are major obstacles to successful employment and, as a practical manner, any occupation that is of a pressured or stressful nature is probably beyond his capacity. On the other hand, we are unable to conclude that he cannot cope with other forms of less stressful work situations.

*Id.* As a finding of fact, the Board concluded that appellant's "service-connected disabilities are not sufficiently severe as to keep him from performing all forms of gainful employment." *Id.* at 6.

■ Section 4.16(b) of Title 38 of the Code of Federal Regulations states that a veteran who is "unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled." *See Hersey v. Derwinski,* 2 Vet.App. 91, 94 (1992). In *Ferraro v. Derwinski,* 1 Vet.App. 326, 332 (1991), this Court stated:

> Neither the U.S. Code nor the Code of Federal Regulations offers a definition for "substantially gainful employment" or "substantially gainful occupation." The VA Adjudication Manual M21–1 (M21–1) § 50.55(8) defines "substantially gainful employment" as "that which is ordinarily followed by the nondisabled to earn their livelihood with earnings common to the particular occupation in the community where the veteran resides." This suggests a living wage.

This Court has repeatedly held that the BVA must provide reasons or bases for its conclusion that an appellant is able to retain substantially gainful employment. 38

U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See, e.g., Gleicher v. Derwinski,* 2 Vet.App. 26, 27–28 (1991); *Ferraro,* 1 Vet.App. at 331–32; *Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169 (1991). In a case where a veteran suffers from both service-connected and nonservice-connected disabilities, the BVA must clearly delineate the relationship between each and their impact on his ability to retain employment. *Fluharty v. Derwinski,* 2 Vet.App. 409, 412–413 (1992). Finally, in *Washington v. Derwinski,* 1 Vet.App. 459, 465 (1991), the Court stated that where an appellant has been diagnosed with PTSD and as having a negative reaction to "any stress", the Board cannot substitute its own judgment and conclude that appellant can retain employment in a low stress environment.

■ Here, the Board has not provided the statutorily required statement of reasons or bases for its conclusion that appellant is not unemployable solely as a result of his service-connected disabilities. The Board failed to analyze the separate and combined impact of appellant's service-connected PTSD and his nonservice-connected personality disorders, and ignored the conclusion of the medical examiner who stated: "I have absolutely no difficulty giving [appellant] a primary diagnosis of post-traumatic stress disorder...." R. at 24. In addition, the Board provided no support for its conclusion that while appellant cannot perform work of a stressful nature, he can "cope with other forms of less stressful work situations." *Hanson,* BVA ___, at 5. Indeed, such a conclusion may not be supportable in light of the medical examiner's report that appellant cannot interact with others and, in particular, cannot cope with authority figures on any basis.

A remand will allow the BVA to readjudicate the claim and provide the requisite statement of reasons or bases if it continues to conclude that appellant is not unemployable in "less stressful work situations." The Secretary is reminded that "[a] remand is meant to entail a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is neces-

sary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).

On consideration of the foregoing, the BVA decision, dated January 18, 1991, is VACATED and this matter REMANDED for further proceedings consistent with this opinion.