Marion M. COLLINS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–995.

United States Court of Veterans Appeals.

Sept. 29, 1992.

As Amended Oct. 27, 1992.

Before STEINBERG, Associate Judge.

ORDER

Appellant appeals from a February 20, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to a total disability rating based on unemployability due to his service-connected disabilities and denying entitlement to a certificate of eligibility for assistance in acquiring an automobile or other conveyance or specially adapted equipment. *Marion M. Collins*, BVA 91–05518 (Feb. 20, 1991). Appellant asserts on appeal that the Board failed to provide an adequate statement of the reasons or bases for its determinations, and that the Board's findings of fact must be reversed as clearly erroneous. Appellant further contends that the Board erred in expressly declining to adjudicate additional claims for service-connected disability compensation for conversion reaction (loss of physical functioning suggest-

ing physical disorder, but which instead is an expression of a psychological conflict, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 257 (3d rev. ed. 1987)) and left hemiparesis ("muscular weakness or partial paralysis affecting one side of the body", DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 745 (27th ed. 1988)). The Secretary of Veterans Affairs (Secretary) has filed a motion for dismissal or, in the alternative, for remand and for a stay of further proceedings.

■ The Secretary's motion to dismiss the claims is predicated upon the assertions that the claims decided by the Board were "inextricably intertwined" with appellant's claims for service connection for conversion reaction and left hemiparesis, and that the latter claims were not ripe for appellate review by the Board and, subsequently, by this Court. Appellant asserts that those claims were clearly presented for review by the Board, and that the Board erred in declining to review them. The Board is required to " 'review all issues which are reasonably raised from a liberal reading' " of "all documents or oral testimony submitted prior to the BVA decision." *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991) (quoting *Myers v. Derwinski*, 1 Vet.App. 127, 129 (1991)). Here, appellant's claims for service connection for conversion reaction and hemiparesis were denied by prior final Department of Veterans Affairs (VA) Regional Office decisions in June and August 1989. R. at 453–55, 463–64. Appellant, in his June 1989 Notice of Disagreement and his January 1990 Form 1–9, Appeal to the BVA, stated his desire to appeal the denial of those claims. R. at 458, 480. Therefore, those claims were clearly raised to the Board and the Board's failure to review those claims was error. Remand is thus required in order for the Board to adjudicate those claims. Furthermore, because the Board's disposition of those claims could change the outcome of the claims for a total disability rating based on unemployability due to service-connected disabilities (*see* 38 C.F.R. §§ 3.340, 3.341, 4.15, 4.16) (1991)) and for a certificate of eligibility for assistance in acquiring an automobile or other conveyance or specially adapted equipment (*see* 38 U.S.C. §§ 3901, 3902 (formerly §§ 1901, 1902); 38 C.F.R. § 3.808 (1991)), the latter claims must also be remanded for readjudication. The Court does not find, in the record before it, a sufficient basis to reverse the Board's findings as to those claims at this time. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990).

■ The Board committed additional errors requiring remand in its adjudication of the claim for a total disability rating based on individual unemployability. In its February 1991 decision, the Board failed, in violation of 38 U.S.C. § 7104(d)(1) (formerly § 4004), to provide an adequate statement of "the reasons or bases for [its] findings and conclusions on all material issues of fact and law presented on the record". *See Gilbert*, 1 Vet.App. at 56–57. Specifically, the Board failed (1) to discuss its evaluation of a VA physician's opinion that the veteran is unemployable (R. at 239), *see Simon v. Derwinski*, 2 Vet.App. 621, 623 (1992); (2) to discuss the ample evidence of appellant's severe pain due to his service-connected disabilities as it may affect his unemployability, *see Hatlestad v. Derwinski*, 1 Vet.App. 164, 167 (1991); and (3) to make clear whether it concluded that the veteran was not unemployable, or that he was not unemployable solely due to service-connected disabilities, and to explain its conclusion, *see Fluharty v. Derwinski*, 2 Vet.App. 409, 411–13 (1992). Therefore, remand is required in order for the Board to comply with the reasons or bases requirement in these respects.

■ Additionally, the Board breached its statutory duty to assist the claimant in developing the facts pertinent to his well-grounded claim. *See* 38 U.S.C. § 5107(a) (formerly § 3007); *Murphy v. Derwinski*, 1 Vet.App. 78, 81 (1990) (a well-grounded claim is a "plausible" claim). The record before the Secretary and the Board revealed that appellant was receiving Social Security Disability Income. R. at 448. Therefore, because Social Security records regarding the veteran's disability and employability are "pertinent" to VA adjudications of those issues, VA's statutory duty to assist required the Board to seek to

obtain all relevant Social Security Administration records. *See Murincsak v. Derwinski*, 2 Vet.App. 363, 370–71; *Masors v. Derwinski*, 2 Vet.App. 181, 187 (1992). On remand, the Board will be required to seek to obtain those records.

On consideration of the foregoing, it is

ORDERED that the Secretary's motion for remand is granted. The Court vacates the February 20, 1991, BVA decision and remands the record to the Board for prompt readjudication and issuance of a new decision in accordance with the Secretary's motion for remand and this order. *See* 38 U.S.C. §§ 5107(a), 7104(a) (formerly § 4004), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). "On remand, the appellant will be free to submit additional evidence and argument". *Quarles v. Derwinski*, 3 Vet.App. 129, 140–41 (1992). The Court retains jurisdiction. The Secretary shall file with the Clerk (as well as serve upon appellant) a copy of any Board decision on remand. Within 14 days after the filing of any such final decision, appellant shall notify the Clerk whether he desires to seek further review by the Court. It is further

ORDERED that the Secretary, not later than 90 days after the date of this order, advise the Court as to the status of the proceedings on remand. It is further

ORDERED that the Secretary's motion to dismiss is denied.