Mitchell C. BROWN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1388.

United States Court of Veterans Appeals.

March 2, 1993.

David I. Brown, Sacramento, CA, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Edward V. Cassidy, Jr., Washington, DC, were on the brief, for appellee.

Before KRAMER, MANKIN and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Mitchell C. Brown, appeals a decision of the Board of Veterans' Appeals (Board or BVA) which denied a total disability rating based on individual unemployability.

## BACKGROUND

Appellant had active service from October 1942 to June 1945. In October 1944, appellant was wounded during an enemy attack on his ship. Appellant sustained shrapnel wounds to both thighs and both legs, including lacerations, fractures, comminuted fractures, and displacement of fragments. In June 1946, an x-ray examination revealed foreign bodies in the right femur, and multiple fractures involving the heads and necks of the second, third and fifth metacarpal bones with deformity and osteoporosis in these bones. In an April 1, 1949, rating decision, the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) Regional Office (RO) granted appellant a 20% disability rating for shrapnel wounds to the left foot resulting in marked deformity and the fracture of the distal metatarsal heads resulting in inward angulation, a 20% disability rating for a large scar on the left thigh, and a 10% disability rating for healed shrapnel wounds on the left leg with mild residual left femoral neuralgia.

In 1958, appellant averred that his condition had worsened and applied for an increased rating. In support of his claim, he submitted a statement from Dr. Alvin Schaye, a private physician. Dr. Schaye stated that appellant could not "stand or keep his feet down for long without pain." Dr. Schaye also noted atrophy and marked varicosities of appellant's right leg. In December 1958, appellant testified at his personal hearing that he had been employed with the United States Postal Service since 1950 in a half-standing half-sitting position, and that he had been forced to miss at least forty days of work during the past year because the pain in his legs had worsened. In late 1958, the VARO denied an increased disability rating. Apparently, appellant did not appeal his claim.

In September 1963, appellant applied to the United States Civil Service Commission for total disability retirement. In response to his application for total disability retirement, appellant received a physical examination in October 1963 at the United States Public Health Service Clinic. That examination revealed a metallic object anterior to the left tibia and residual fracture deformities at the metatarsal phalangeal areas of the left foot with some osteoarthritis. The examiner concluded that appellant had a "significant disability" as a result of his injury. On October 30, 1963, the United States Civil Service Commission granted appellant disability retirement.

In April 1987, appellant applied for a total disability rating based on individual unemployability. In September 1988, a limited examination was performed at the VA Medical Center. The examiner diagnosed appellant with residuals of a gunshot wound in the left foot with rather severe deformity resulting in a lack of toe function, muscle group XII weakness and atrophy, gastrocnemius atrophy in the left leg, a left heel spur, and foot pronation secondary to imbalanced gait and muscle weakness. On February 8, 1990, the VARO granted appellant a combined disability rating of 80%.

On March 15, 1990, appellant appealed the VARO's denial of a total disability rating based on individual unemployability. In support of his claim, appellant submitted

a January 1964 determination by the New York State Department of Labor that appellant was "incapable of employment." In April 1990, the VARO confirmed and continued appellant's previous rating. Thereafter, appellant filed a Notice of Disagreement, and his claim proceeded to the BVA.

On April 19, 1991, the Board determined that appellant's service-connected disabilities did not preclude him from obtaining substantial employment. *Mitchell C. Brown*, BVA 90–44977 (Apr. 19, 1991). In discussing the evidence before it, the Board acknowledged that appellant had been determined unemployable in 1963 and 1964 by the United States Postal Service and the New York State Department of Labor, and that the combination of the veteran's disabilities rendered him disabled, under the schedular evaluation, to a degree of 80%. *Id.* at 2–4. Nevertheless, the Board determined that:

> No doubt, jobs which require prolonged standing or walking are still infeasible. However, many occupational endeavors, including sedentary employment, will appear to be within his capability.... The evidence only shows that he is precluded from performing the duties associated with that position [the job with the Postal Service]. It does not convincingly show that his ability to work in other suitable positions is entirely compromised by disabilities he incurred in service.

*Id.* at 5.

## ANALYSIS

Under 38 U.S.C.A. § 7261(a)(4) (West 1991), and *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990), the Court must set aside a finding of material fact as clearly erroneous when the Court is left with a definite and firm conviction, after reviewing the entire evidence, that a mistake has been committed. The Court may reach that conclusion only if there is no " 'plausible basis in the record' " for the BVA findings at issue. *Gilbert*, 1 Vet.App. at 52–53; *see Moore v. Derwinski*, 1 Vet.App. 356, 358 (1991).

Under these particular circumstances, where the United States Postal Service and the New York State Department of Labor determined that appellant was unemployable, the Court finds no plausible basis for the BVA's conclusion that appellant is able to engage in substantially gainful employment. All evidence of record indicates that appellant is unemployable, and should be granted a total disability rating based on individual unemployability. The BVA, in speculating on his employability, did not point to a single piece of evidence supporting its conclusion that the veteran is able to pursue substantially gainful employment. *See* 38 C.F.R. §§ 4.1, 4.10, 4.16 (1991); *Hersey v. Derwinski*, 2 Vet.App. 91, 94 (1992); *Moore*, 1 Vet.App. at 359. The Secretary of Veterans Affairs (Secretary) has conceded that the BVA decision contains numerous errors. However, in light of this Court's decision, it is unnecessary to address the remaining issues raised in the Secretary's brief. The decision of the BVA is REVERSED and the matter REMANDED with directions to assign a total disability rating based on individual unemployability.