Floyd M. VANMETER, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–928.

United States Court of Veterans Appeals.

April 7, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran Floyd M. VanMeter, appeals from a January 28, 1991, deci-

sion of the Board of Veterans' Appeals (BVA or Board) denying a total disability rating based on individual unemployability (IU) due to service-connected disabilities. *Floyd M. VanMeter*, BVA 91–02700 (Jan. 28, 1991). The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will deny the Secretary's motion, vacate the BVA decision, and remand the matter for readjudication.

## I. BACKGROUND

The veteran had active service in the U.S. Army from October 1950 to January 1958 and from February 1959 to December 1977. He currently suffers from the following ten service-connected conditions: Arthritis of the lumbar spine with laminectomy, rated as 40% disabling; arthritis of the cervical spine, rated as 10% disabling; arthritis of the right elbow, rated as 10% disabling; carpal tunnel syndrome of the right wrist, rated as 10% disabling; hypertension, rated as 10% disabling; carpal tunnel syndrome of the left wrist, rated as 10% disabling; macular hole of the left eye with loss of visual acuity, rated as 10% disabling; diabetes mellitus, rated as 10% disabling; status post-hemorrhoidectomy, rated noncompensable; and chronic prostatitis, rated noncompensable. He has a combined 80% service-connected disability rating.

In 1988, the veteran submitted to a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) a claim for a total disability (TD) rating based on IU due to his service-connected disabilities. R. at 11. He stated that he had been self-employed as a farmer from January 1980 to December 1984, and that he had become too disabled to work in 1985 as the result of his service-connected disabilities. R. at 13.

In January 1989, the veteran was given a VA examination to evaluate his service-connected disabilities. R. at 19–21. The report of that examination states the following findings:

General appearance is that of a well-nourished well[-]developed male who appears to be in good health. It is obvious that the patient is in some discomfort in the low back area during the exam. He walks with a rigidity of the spine and a wide-based gait.... The patient flexes forward at the waist 60° before stopping because of pain. Lateral bending on the right side is 15°. Lateral bending to the left side is 25°. Patient is unable to extend spine secondary to discomfort. There are bilateral paraspinal muscle spasms in the lumbar region. The patient has a decrease range of motion of the cervical spine in all directions. Palpitation of the musculature of the cervical spine reveals extreme rigidity. Patient demonstrates normal range of motion of the peripheral joints. He is noted to have an unusual amount of crepitation in the right shoulder. He is, however, able to demonstrate anterior elevation of 180°, internal and external rotation of the right shoulder of 90°. Examination of the right elbow reveals a normal range of motion. There is no crepitation on palpitation. The temperature of the skin over the joints is within normal limits. The patient demonstrates good muscular strength in the right upper extremity.... Heel walking and toe walking are difficult for the patient as they increase the symptoms in the low back area.

R. at 19–20. The examiner noted that the veteran's hypertension was controlled by medication and his diabetes by diet. R. at 20–21.

In February 1989, the RO denied the claim for a TDIU rating. R. at 23. The veteran appealed that decision to the BVA. In April 1990, while the claim was on appeal, the veteran's representative requested the Board to remand the claim to the RO for a VA examination to evaluate the veteran's disabilities, because it had then been more than one year since the last VA examination. R. at 35.

In its January 1991 decision, currently here on appeal, the BVA concluded that the veteran's several service-connected disabilities "are a source of significant overall body functional disablement; however[,] they have not been shown to preclude all kinds of substantially gainful employment." The Board further stated:

> At the VA examination in January 1989 the veteran appeared to be in good health, he demonstrated normal range of motion of his peripheral joints [and] some limitation of the cervical and lumbar spine, [and] his diabetes was controlled with diet and his hypertension with medication.... The veteran terminated employment in 1985. He has occupational experience as a self-employed farmer.... [His service-connected disabilities] limit the veteran's options for engaging in physically demanding kinds of employment. Nonetheless, the service connected disabilities, when evaluated in association with the veteran's educational level and occupational experience, are not shown to be sufficiently disabling as to render the veteran unemployable for VA compensation purposes.

*VanMeter*, BVA 91–02700, at 4. The Board noted that the veteran's educational background included four years of high school, and concluded that the evidence of record was sufficient to evaluate the veteran's service-connected disabilities, and that a remand would serve no useful purpose. *Id.* at 4–5.

## II. ANALYSIS

■ Where a veteran has a combined service-connected disability rating of at least 70%, with at least one service-connected disability rated at least 40% or more, a "[t]otal disability rating[ ] for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to follow a substantially gainful occupation." (This is a TDIU rating.) 38 C.F.R. § 4.16(a) (1992); *see* 38 C.F.R. §§ 3.340(a), 3.341, 4.15, 4.18 (1992); *Hatlestad v. Derwinski*, 3 Vet.App. 213, 215–16 (1992) (*Hatlestad II*); *Hatlestad v. Derwinski*, (*Hatlestad I*), 1 Vet.App. 164, 167–68 (1991). A TDIU rating will be assigned "when there is present any impairment in mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340(a) (1992); *Fluharty v. Derwinski*, 2 Vet.App. 409, 411 (1992); *Hatlestad*, 1 Vet.App. at 165. However, in determining whether a particular veteran is unemployable, the Board must also give "full consideration ... to unusual physical or mental effects in individual cases, to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effect of combinations of disability." 38 C.F.R. § 4.15 (1992). Furthermore, the Board must consider the effects of the veteran's service-connected disability or disabilities in the context of his or her employment and educational background. *See Fluharty*, 2 Vet.App. at 412–13; *Hyder v. Derwinski*, 1 Vet.App. 221, 224 (1991); *Hatlestad*, 1 Vet.App. at 168.

■ In adjudicating a claim for a service-connected disability rating based on TDIU, as with any other claim, the Board is required to provide a written statement of the reasons or bases for its findings and conclusions on "all material issues of fact and law". 38 U.S.C.A. § 7104(d)(1) (West 1991); *see Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990). The statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See Hatlestad*, 1 Vet.App. at 169; *Gilbert, supra.*

■ In its January 1991 decision, the Board noted that the veteran had had four years of high-school education and previous work experience as a farmer. The Board concluded that his service-connected disabilities "limit the veteran's options for engaging in physically demanding kinds of employment" but that "the service[-]connected disabilities, when evaluated in association with the veteran's educational level and occupational experience, are not shown to be sufficiently disabling as to render the

veteran unemployable for VA compensation purposes." *VanMeter*, BVA 91–02700, at 4. Such a bare conclusory statement does not satisfy the reasons or bases requirement of section 7104(d)(1). *See Fluharty, supra; Masors, supra; Hyder, supra; Hatlestad I, supra; Gilbert, supra.* The Board failed to explain why, in view of the veteran's education and work experience, the veteran's ten service-connected disabilities did not preclude substantially gainful employment. Specifically, the Board noted that his disabilities "limit" his options for engaging in physically demanding employment, but did not explain how those disabilities affect his capacity for sedentary employment. In considering whether, in view of his numerous service-connected disabilities, the veteran is realistically capable of pursuing substantially gainful sedentary employment, the Board must consider and discuss the relevance of his educational level (high school) and work experience (farming). *See Fluharty, supra* (BVA erred in denying TDIU claim without discussion of veteran's education and work experience in case where it found veteran precluded from "physically demanding" work). In this case, "[t]he BVA, in speculating on his employability, did not point to a single piece of evidence supporting its conclusion that the veteran is able to pursue substantially gainful employment." *Brown (Mitchell) v. Brown*, 4 Vet.App. 307, 309 (1993). Therefore, remand is required for the Board to readjudicate the veteran's TDIU claim and to issue a new decision fully supported by an adequate statement of reasons or bases consistent with this decision.

 The veteran has further asserted that the Board erred in refusing to remand his claim to the RO for another examination of his disabilities, as his representative had requested of the Board. The veteran's representative had asserted to the Board in April 1990 that a new examination was necessary because a year had transpired since the last one. R. at 35. Pursuant to VA's statutory duty to assist claimants who submit well-grounded claims (38 U.S.C.A. § 5107(a) (West 1991)), the Board is required to order an examination when the medical evidence of record provides an insufficient basis for a current evaluation. *See Wilson v. Derwinski*, 2 Vet.App. 16, 21 (1991); *EF v. Derwinski*, 1 Vet.App. 324, 326 (1991); *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991); 38 C.F.R. § 4.2 (1992). Furthermore, the RO is required to schedule a reexamination whenever "evidence indicates that there has been a material change in a disability or that the current rating may be incorrect." 38 C.F.R. § 3.327(a) (1992); *see Proscelle v. Derwinski*, 2 Vet.App. 629, 632 (1992) (exam required when veteran submitted a well-grounded claim that service-connected disability had increased). It does not necessarily follow that the Board must remand for an examination whenever, during the course of the claims adjudication process, more than one year transpires from the date of the last examination and the claimant asserts that his or her condition has worsened. On the facts of this case, the Board did not err in concluding that an additional examination was not necessary for purposes of evaluating the veteran's disability. However, in view of the additional time that has passed during the pendency of the veteran's appeals before the BVA and this Court, the Board on remand should reconsider the need to remand to the RO now for a new examination to evaluate the current level of the veteran's service-connected disabilities. *See Proscelle, supra.*

### III. CONCLUSION

Upon consideration of the record, the appellant's brief, and the Secretary's motion for summary affirmance, the Court denies the Secretary's motion, summarily vacates the January 28, 1991, BVA decision, and remands the matter to the Board for prompt further proceedings consistent with this decision, including prompt readjudication on the basis of all evidence of record and applicable law and regulation and issuance of a decision fully supported by reasons or bases. *See* 38 U.S.C.A. § 7104(a), (d)(1) (West 1991); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to sub-

mit additional evidence and argument. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). A final decision by the Board following the remand herein ordered will constitute a new decision which, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of that new decision is mailed to the appellant.

VACATED AND REMANDED.