GAJARSA, Circuit Judge.
Philip Davis appeals from the judgment of Court of Veterans Claims (“Veterans Court”) affirming'the Board of Veterans’ Appeals’ (“Board’s”) denial of his claim for total disability rating based on individual unemployability (“TDIU”). Davis v. Principi No. 01-122 (Vet.App.2002). In reaching its judgment, the Veterans Court refused to consider the applicability of 38 C.F.R. § 4.15, which applies generally to total disability ratings, to 38 C.F.R. § 4.16, which more specifically governs total disability due to individual unemployability. We therefore vacate the decision of the Veterans Court and remand for further proceedings consistent with this opinion.
I. BACKGROUND
Mr. Davis served in the Navy between April 1943 and April 1946. In May 1946, a Department of Veterans Affairs CVA”) Regional Office (“RO”) awarded Mr. Davis a service connection for a duodenal ulcer and rated his disability at 50 percent; In subsequent years, Mr. Davis was also granted service connection for facial scarring at 10 percent disabling and for dys-thymic disorder at 30 percent disabling. In 1992, Mr. Davis applied for increased disability compensation based on unem-ployability due .to complications associated with his ulcer. In 1993, the RO denied Mr. Davis’ TDIU after finding that the reasons for Mr. Davis’ retirement stemmed from injuries sustained during his job that were unrelated to his service-connected stomach affliction. Mr. Davis filed a Notice of Disagreement with the RO and appealed the RO’s decision to the Board. In 1998, the Board remanded Mr. Davis’s case to the RO for additional development. The Board ultimately denied his claim for TDIU in October of 2000.
Mr. Davis appealed the Board’s decision to the Veterans Court under 38 U.S.C. § 7252(a). He asserted as one error the Board’s failure to follow 38 C.F.R. § 4.15, which requires consideration of “unusual physical or mental effects in individual cases” when evaluating TDIU claims. Mr. Davis argued that instead of considering his particular circumstances, which included the combined effect of his disabilities, the Board limited its consideration of his unemployability to section 4.16, which details the general policy governing the evaluation of TDIU claims in connection with the schedular ratings of 38 C.F.R. Part 4. The Veterans Court rejected this argument, concluding that the issue was “not decided by the [Board] and, therefore, not before [the Veterans Court] on appeal.” Davis, slip op. at 4. According to the Veterans Court, the only issue for review was the application of section 4.16 by the Board. The Veterans Court subsequently affirmed the Board’s denial of Mr. Davis’ TDIU claim.
Mr. Davis timely appealed the decision of the Veterans Court to this court, and we have jurisdiction to determine the interaction of sections 4.15 and 4.16 pursuant to 38 U.S.C. § 7292(a). The sole argument presented by Mr. Davis is that the Veterans Court misinterpreted section 4.15 when evaluating the Board’s decision by stating that a determination of entitlement to TDIU compensation under section 4.16 could be performed without considering *399 the individualization requirements of section 4.15. While the appeal was pending in this court, the Government-filed an unopposed motion to remand the matter to the Veterans Court. The Government’s motion stated that it agreed with Mr. Davis that section 4.15 was applicable to Mr. Davis’ TDIU claim under section 4.16, and that the Veterans Court- erred -to the extent that it -refused to consider it: - This court denied the Government’s motion to remand, stating:
In light of "the fact that the Court of Appeals for Veterans Claims specifically-considered the applicability of section 4.15 and held that it was “an issue not decided by the Board and, therefore, not before the Court on appeal,” we deem the better course is for the parties to present their arguments in the briefs.
Davis v. Principi, No. 03-7044 (Fed.Cir. May 20, 2003) (order denying appellee’s unopposed motion for remand). In its brief submitted to this court, the Government continues to agree with Mr. Davis that section 4.15 is applicable to Mr. Davis’ TDIU claim.
II. DISCUSSION
A. Standard of Review
Under. 38 U.S.C. § 7292(a), this court may review the. decisions of the CAVC with respect to “validity ... of any statute or regulation ... or the validity of any interpretation thereof ... that was relied on” by.the CAVC. 38 U.S.C. § 7292(a). This court reviews statutory interpretations by the CAVC de novo, and may set aside any regulation or interpretation of, a regulation, that it finds, to be arbitrary, capricious, an abuse of discretion, or other wise not in accordance with law; contrary to a constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or without observation of a procedure required by law. 38 U.S.C. § 7292(d)(1); Herndon v. Principi, 311. F.3d 1121, 1124 (Fed.Cir.2002); Bustos, v. West, 179 F.3d 1378, 1379-80 (Fed.Cir.1999). This court may only review factual determinations and applications of law to fact if they present a constti tutional issue. Bustos, 179 F.3d at 1380.
B. Analysis
The CAVC. plainly refused to, address the applicability section 4.15 and, in doing so, implicitly held that the individualization requirements of section 4.15 do not apply when considering TDIU ratings under section 4.16. The CAVC stated:
In his brief, the veteran has contended that the Board failed to follow 38 C.F.R. § 4.15, the regulation that guides VA adjudicators in deciding whether a total disability rating is warranted. The regulation concerns total disability ratings, an issue not decided by the Board and, therefore, not before the Court for this appeal. The regulation applicable to the issue decided by the Board and on appeal to the Court is 38 C.F.R. § 4.16, regarding TDIU ratings.
The issue presented by Mr. Davis, with which the Government agrees, is whether consideration of a veteran’s entitlement to benefits under section 4.16 can be considered without also considering the individualization requirements of section 4.15. Section 4.15, entitled “Total Disability Ratings,” states:
The [TDIU] rating ... is based primarily'upon the average impairment in earning "capacity, that is, upon the économic or -industrial handicap which must "be overcome and not from individual success in overcoming it. However, full consideration must be given to unusual physical or mental effects in individual cases, "to peculiar effects of occupational activities, -to defects in physical or mental -endowment preventing the usual amount- of success in overcoming "the *400 handicap of disability and to the effect of combinations of disability.
38 C.F.R. § 4.15 (emphasis added). According to the general explanation of total disability ratings provided in section 4.15, while in many cases the average impairment of the veteran may control the TDIU decision, a particular veteran’s individual circumstances will in some situations dictate an outcome different from that resulting from a consideration of his average impairment based exclusively the schedular ratings table of 38 C.F.R. Part 4.
Section 4.16, entitled “Total disability ratings for compensation based on unemployability of the individual,” begins:
Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities ....
38 C.F.R. § 4.16 (emphasis added). Section 4.16, therefore, is a more specific explanation of the criteria for a total disability rating. Section 4.17, entitled “Total disability ratings for pension based on un-employability and age of the individual,” provides the TDIU criteria tailored to a different situation. Thus, the regulatory scheme for total disability ratings begins with general declaration of section 4.15 and then more particularly addresses the availability of TDIU benefits in various situations. The individualization requirement of section 4.15 applies generally throughout the TDIU regulatory scheme, as Mr. Davis and the Government agree.
In addition to being contrary to the regulatory scheme, the statements of the Veterans Court are also in tension with its own precedent. In VanMeter v. Brown, 4 Vet.App. 477 (1993), the Veterans Court explained that, while the availability of TDIU ratings is typically evaluated under an “average person” standard, a full evaluation of unemployability requires an individualized consideration of a veteran’s circumstances. Id. at 479. Similarly, a precedential opinion issued by the VA General Counsel states that full consideration of a veteran’s eligibility for a TDIU rating requires consideration of the circumstances particular to the individual veteran. Precedential Opinion of the Office of General Counsel for the Dep’t of Veterans Affairs, 1991 WL 639257, ¶ 6 (Dec. 27, 1991) (“OGC Opinion”). In the OGC Opinion, the General Counsel explained that section 4.15 “can only be interpreted as a limitation on the application of the more general ‘average person’ rule” expressed in other VA regulations, including section 4.16. Id.
III. CONCLUSION
In light of the structure of the regulatory scheme governing total disability ratings, the precedent established by the Veterans Court, and the opinion of the VA General Counsel, we agree with the position advanced by both parties that section 4.15 contains corollary factors that must be considered in conjunction with any request for TDIU benefits. We hold only that the Veterans Court erred when it suggested that the individualization requirements of section 4.15 were independent of the TDIU criteria set forth in section 4.16 and refused to consider section 4.15 as an issue not before the court. We express no opinion, as we may not under our jurisdictional statute, 38 U.S.C. 7292, on whether the Board in fact considered the particular circumstances of Mr. Davis’ disabilities. Accordingly, the decision of the Veterans Court is vacated and remanded.
No costs.