James L. SHOOP, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–657.

United States Court of Veterans Appeals.

April 2, 1992.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of December 17, 1990, the Board of Veterans' Appeals (Board or BVA) upheld the denial of appellant's claim to service connection for defective hearing, tinnitus, and hypertension. A timely appeal to this Court followed. On August 26, 1991, appellant filed an informal brief. On November 21, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings. On December 6, 1991, appellant filed a pro se reply brief opposing the Secretary's motion.

Appellant, James L. Shoop, served in the United States Army from July 19, 1966, to July 12, 1968. R. at 1. During this period, he operated an army Mohawk aircraft. R. at 18. Induction and service medical records show no evidence of defective hearing, tinnitus, or hypertension. R. at 2–11.

On June 15, 1989, appellant filed an application for compensation or pension for hypertension, hearing loss, tinnitus, a skin condition, Agent Orange exposure, pharyngitis, and stomach problems. R. at 12–19. An August 29, 1989, rating decision denied service connection for these claims. R. at

44–46. A Notice of Disagreement was received on October 18, 1989, in which appellant disagreed with the rating decision on his claims for hearing loss, tinnitus, and for hypertension. R. at 48. In December 1989, appellant filed an appeal to the BVA, requesting service connection for hypertension, hearing loss, and tinnitus. R. at 55–59.

In addition, appellant submitted a corroborating letter from his wife (R. at 63), a medical evaluation from Dr. Steven Johnson, (R. at 60) and medical notations from Dr. Gary Johnson (R. at 62). In her letter, Mrs. Shoop claims that her husband, who she met in 1972, had hearing problems since 1973, five years after separation from service. In his letter, Dr. Steven Johnson states that he has been treating appellant since 1986, and documents appellant's present hearing loss, concluding that "[i]t appears that this exposure to loud noises contributed or was a primary cause of his hearing loss." R. at 60. He states that he referred appellant to Dr. Gary Johnson, who, according to Dr. Steven Johnson, thought that appellant's hearing loss was noise induced. *Id.* Appellant contends that the sounds from the Mohawk aircraft induced his hearing loss. R. at 18.

In its decision of December 17, 1990, the BVA noted that appellant had no record of hearing loss upon induction and there was no evidence of symptoms or treatment for any hearing problems while in service. The BVA stated that "[w]hen the veteran was examined prior to separation from service, in July 1968, clinical evaluation of his ears was normal." *James L. Shoop*, BVA 90–45220, at 4 (Dec. 17, 1990). The BVA held that the medical examinations undertaken since 1987 only indicate that appellant currently has a hearing problem, and do not provide any support for his contention that it was a result of in-service activity. The BVA also noted that tinnitus was not shown to have originated in service or for many years thereafter. *Shoop*, BVA 90–45220, at 6. Addressing appellant's claim to hypertension, the BVA stated that appellant's blood pressure has not significantly changed since 1966, and that while service medical records show that appellant

experienced one "borderline or elevated blood pressure reading," no sustained high blood pressure reading has been shown during service or after service. *Id.*

 The Board made factual determinations that the criteria for service connection have not been met. In reviewing a finding of fact made by the Board, the Court can only "hold unlawful and set aside such finding if the finding is clearly erroneous." 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)); *Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); *see also Gilbert*, 1 Vet.App. at 52. In determining whether a finding is clearly erroneous, "this Court is not permitted to substitute its judgment for that of the BVA on issues of material fact; if there is a 'plausible' basis in the record for the factual determinations of the BVA ... we cannot overturn them." *Gilbert*, 1 Vet.App. at 53. The Court is unable to conclude that the Board erred in denying appellant's claim to service connection for hypertension, tinnitus and defective hearing.

 With respect to appellant's claim to service connection for defective hearing, an additional issue has been raised. Appellant, in his informal brief, argues that the Veterans' Administration (VA) violated its duty, under 38 U.S.C. § 5107(a) (formerly § 3007(a)), to assist him in developing facts pertinent to his claim. Specifically, appellant argues that the VA had an obligation to undertake a detailed audiometric examination of appellant upon discharge in 1968 and upon his application for compensation in 1989.

Appellant's reliance upon § 5107(a) is misplaced. In *Gilbert*, 1 Vet.App. at 55, the Court held that the VA is only obliged to assist a claimant in developing facts pertinent to his claim when the claimant has presented a well-grounded claim. In

*Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990), the Court added:

> Because a well grounded claim is neither defined by the statute nor the legislative history, it must be given a common sense construction. A well grounded claim is a plausible claim, one which is meritorious on its own or capable of substantiation. Such a claim need not be conclusive but only possible to satisfy the initial burden of [§ 5107(a)].

Here, appellant brought no claim for defective hearing upon discharge, nor was the VA on notice that appellant had any hearing problem at all. Appellant's service medical records show no indication of any hearing or ear problem (R. at 2–11), and the record contains no evidence that appellant lodged complaints of hearing loss. Therefore, no § 5107(a) duty to assist arose at that time. In addition, the VA had no § 5107(a) duty to conduct such an examination in 1989. That appellant presently suffers from hearing loss has not been disputed. An audiometric examination may confirm this, but would have no bearing on the question of when this hearing loss first became manifest. Therefore, the VA did not violate the duty to assist when it declined to schedule an audiometric examination in 1989 or since that time.

Upon consideration of the record, appellant's informal brief, the Secretary's motion for summary affirmance, and appellant's pro se reply brief, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *See Gilbert. See also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board is AFFIRMED.