**Clyde O. MORTON, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 90–723.

United States Court of Veterans Appeals.

Dec. 1, 1992.

Clyde O. Morton, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Associate Judges.

NEBEKER, Chief Judge, and FARLEY, Associate Judge, join in the per curiam opinion. KRAMER, Associate Judge, filed a separate concurrence.

PER CURIAM:

Appellant, Clyde O. Morton, appeals from an April 16, 1990, Board of Veterans' Appeals (Board or BVA) decision which denied entitlement to service connection for arthritis. The Secretary of Veterans Affairs, in turn, moved for summary affirmance. We affirm the Board's decision and hold that appellant failed to submit new and material evidence to reopen his claim.

Appellant served in the United States Army from August 1942 to October 1945 and from November 1945 to January 1947. Appellant's service medical records indicate multiple diagnoses of rheumatoid arthritis in appellant's right knee, right shoulder, and joints of the 4th and 5th digits of his left hand. R. at 25, 27–28, 31, 38, 60, 62, 68. In 1948 appellant was given an orthopedic examination in connection with his claim for service-connected arthritis. The diagnosis was "clinically, arthritis, traumatic, right knee, not shown by x-ray." R. at 68. Based on the lack of x-ray evidence, the Regional Office (RO) denied appellant's claim for service connection for arthritis in 1948. R. at 72. Appellant did not appeal that decision.

In 1983, appellant applied for and was denied a pension for non-service-connected disability. R. at 73. He appealed that decision and submitted private medical records indicating he currently has rheumatoid arthritis and a Department of Veterans Affairs (formerly Veterans' Administration) (VA) doctor's report in which the doctor opined that appellant's arthritis ought to be 100% service-connected. R. at 93–94. A subsequent RO decision denied appellant service connection for arthritis. R. at 96. Appellant filed a Notice of Disagreement and was granted a hearing. R. at 108. A subsequent RO decision, dated July 23, 1984, granted appellant a non-service-connected pension. R. at 114.

In 1985, appellant reopened his claim for entitlement to service connection for his arthritis by submitting evidence of his current condition, R. at 118. His claim was denied, but appellant was not informed of this denial. R. at 128. In 1989, appellant applied for service connection once more by submitting evidence consisting of current medical evidence, a previously submitted VA examination report, and a 1944 VA report indicating that he was diagnosed with arthritis while in service. R. at 144–47. The RO denied his claim and he appealed to the BVA. R. at 152.

■■■ This Court reviews issues of whether an appellant has submitted "new and material" evidence on a de novo basis. *Colvin v. Derwinski,* 1 Vet.App. 171 (1991). Material evidence is "relevant and probative of the issue at hand," and new evidence is that which is not "merely cumulative of evidence on the record." *Id.* at 174. Here, evidence submitted by appellant to reopen his claim was cumulative of evidence previously submitted, and where not cumulative, lacked materiality. Medical records describing his current condition are not material to the issue of service connection, and the VA report indicating diagnosis of arthritis in service is cumulative of evidence previously submitted.

Accordingly, the decision of the Board is AFFIRMED.

KRAMER, Associate Judge, concurring.

I concur, but write separately to expressly state that we render no opinion as to whether there was clear and unmistakable error in the 1948/1949 adjudications, or any subsequent adjudications, issues not before the Board when it issued the decision which

is the subject of this appeal. *See Russell v. Principi*, 3 Vet.App. 310 (1992) (en banc); *cf. Darrow v. Derwinski*, 2 Vet. App. 303 (1992) (The BVA lacks jurisdiction to review determinations made by the Secretary of Veterans Affairs pursuant to 38 U.S.C. § 503(a) (formerly § 210(c)(2)).