Pablo P. DE LOS REYES, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 92–250.

United States Court of Veterans Appeals.

April 16, 1993.

As Amended April 22, 1993.

Before STEINBERG, Associate Judge.

### MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, World War II veteran Pablo P. De Los Reyes, appeals from a December 4, 1991, Board of Veterans' Appeals (BVA or Board) decision denying service connection for peptic ulcer disease, rheumatism, and a chest disorder. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. Summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski,* 1 Vet.App. 23, 25–26 (1990). The Secretary's motion will be granted and the decision of the Board affirmed.

In its December 1991 decision, the Board concluded that the veteran's claims were well grounded, thus requiring the Secretary to assist the claimant in developing the facts pertinent to the claim, and that the Secretary had adequately fulfilled that duty in this case. *See* 38 U.S.C.A. § 5107(a) (West 1991) (Secretary has duty to assist claimants who submit well-grounded claims); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (well-grounded claim "is a plausible claim, one which is meritorious on its own or capable of substantiation"). The BVA considered and discussed the evidence in support of the veteran's claims, which consisted primarily of a 1990 private physician's statement that the veteran then had a chronic peptic ulcer and had visited that physician's office since 1946 with complaints of recurrent epigastric pain. R. at 16. The Board concluded that the evidence in support of the veteran's claims was outweighed by the evidence against the claims, including the report of the veteran's 1946 examination at separation from service and a March 1946 "AFFIDAVIT FOR PHILIPPINE ARMY PERSONNEL", neither of which showed complaints or findings of peptic ulcer disease, rheumatism, or a chest disorder. R. at 1–6.

The Court reviews BVA factfinding on a "clearly erroneous" standard. 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). Pursuant to that standard, "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, [the Court] cannot overturn them". *Gilbert,* 1 Vet.App. at 53. Because there is a plausible basis in the record in this case for the Board's conclusions that the veteran had not incurred peptic ulcer disease, rheumatism, or a chest disorder during service or an applicable presumption period (*see* 38 U.S.C.A. § 1112(a) (West 1991); 38 C.F.R. § 3.309 (1992)), and because the Board used the correct standard of proof in finding that the evidence preponderated against the claim (*see Gilbert,* 1 Vet.App. at 55 (38 U.S.C.A. § 5107(b) requires that "fair preponderance of the evidence .. be against the claim ... [for it to be properly] denied")), the Board's conclusions are not subject to reversal as clearly erroneous findings of fact.

In his brief in this Court, the appellant asserts for the first time that the Department of Veterans Affairs (VA) had erred in failing to provide him with a current physical examination. This Court has previously held that the duty to assist in-

cludes, in appropriate cases, the duty to conduct a "thorough and contemporaneous" examination of the veteran "so that the evaluation of the claimed disability is a fully informed one." *Green v. Derwinski,* 1 Vet.App. 121, 124 (1991); *see Wilson v. Derwinski,* 2 Vet.App. 16, 21 (1991); *Parker v. Derwinski,* 1 Vet.App. 522, 526 (1991); *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991). However, the duty to assist requires VA to help a claimant develop only those facts that are "pertinent" to the claim. 38 U.S.C.A. § 5107(a) (West 1991). "[T]he 'duty to assist' is not a license for a 'fishing expedition' to determine if there *might* be some *unspecified* information which could possibly support a claim." *Gobber v. Derwinski,* 2 Vet.App. 470, 472 (1992) (emphasis in original).

 In the present case, the Court agrees with the Secretary that the veteran's claims were plausible and capable of substantiation, and, therefore, well grounded. The question at issue, then, is whether the veteran's disabilities were incurred during his active service more than 40 years ago. Under these circumstances, the Board was not required to conclude that a new examination, based on the veteran's current condition, would likely reveal any facts pertinent to the veteran's claims for service connection for the three asserted conditions. *See* 38 C.F.R. § 3.326(a) (1992) (VA required to order medical examination where "the reasonable probability of a valid claim is indicated"); *Morton v. Principi,* 3 Vet.App. 508 (1992) (per curiam) (evidence of current condition is not material to issue of service connection); *Shoop v. Derwinski,* 3 Vet.App. 45, 47 (1992) (mem. dec.) (current hearing examination would have no bearing on issue of when hearing disability may have been incurred). The result would likely be different in a case involving a claim for an increased rating; in that situation, this Court has held that a current examination is generally required when such a claim is submitted. *Proscelle v. Derwinski,* 2 Vet.App. 629, 632 (1992).

Hence, in the instant case, the Board was not required to order a current medical examination. Furthermore, because the appellant never raised to the Board a request for a current medical examination, there was no error in the Board's failure to discuss in its decision why it did not order a current examination. *See Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991) (BVA required, under 38 U.S.C.A. §§ 5107(a) and 7104(d)(1) (West 1991), to respond to claimant's requests for assistance); 38 U.S.C.A. § 7104(d)(1) (BVA must explain "reasons or bases" for its conclusions); *Gilbert,* 1 Vet. App. at 56–57.

Upon consideration of the record, the appellant's informal brief, and the Secretary's motion for summary affirmance, the Court holds that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C.A. §§ 7252, 5107(a), (b), 7104(d)(*l*), 7261 (West 1991) and the analysis in *Gilbert, supra.* The Secretary's motion for summary affirmance is granted, and the December 4, 1991, BVA decision is summarily affirmed.

AFFIRMED.