Citation Nr: 1448569 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 11-07 075 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a right foot disability.

2. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a left foot disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

T. Y. Hawkins, Counsel


INTRODUCTION

The Veteran served on active duty with the Army National Guard from September 1987 to March 1988, and served on active duty with the Army from March 1990 to April 1996.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2010 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Providence, Rhode Island. The claims have since been transferred to the Roanoke RO.

The Veteran previously requested the opportunity to testify at a hearing before the Board. However, although a hearing was scheduled for March 2014, the Veteran requested that the hearing be cancelled. Accordingly, the hearing request is deemed withdrawn. 38 C.F.R. §20.704(d) (2014).

In June 2013, the appeal was remanded to the Agency of Original Jurisdiction (AOJ) for additional development, to include providing the Veteran with adequate notice of how to substantiate her application to reopen her claims. As there has been substantial compliance with the Board's remand directives, the Board finds there is sufficient evidence to adjudicate the appeal. See Stegall v. West, 11 Vet. App. 268, 271 (1998).

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).



FINDINGS OF FACT

1. An August 2009 Board decision denied service connection for right and left foot disabilities based on a finding that new and material evidence had not been received to reopen the claims.

2. The evidence submitted since the August 2009 Board decision is either cumulative or redundant and, when considered with previous evidence of record, does not relate to an unestablished fact necessary to substantiate the claims of entitlement to service connection for right and left foot disabilities.


CONCLUSIONS OF LAW

1. The August 2009 Board decision that denied service connection for right and left foot disabilities is final. 38 U.S.C.A. § 7104(b) (West 2002 & Supp. 2014); 
38 C.F.R. § 20.1100 (2014).

2. New and material evidence sufficient to reopen the Veteran's claims of entitlement to service connection for right and left foot disabilities has not been received; the claims may not be reopened. 38 U.S.C.A. § 5108 (West 2002 & Supp. 2014); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA has met all statutory and regulatory notice and duty to assist provisions. See 
38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2002 & Supp. 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2014).

When VA receives a complete or substantially complete application for benefits, it is required to notify the claimant and his or her representative, if any, of any information and medical or lay evidence that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002); 38 C.F.R. § 3.159(b) (2014); Quartuccio v. Principi, 16 Vet. App. 183 (2002). In Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II), the United States Court of Appeals for Veterans Claims (Court) held that VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) request that the claimant provide any evidence in his or her possession that pertains to the claim. Element (4), the requirement of requesting that the claimant provide any evidence in his or her possession that pertains to the claim, was eliminated by the Secretary of VA (Secretary). See 73 Fed. Reg. 23353 (final rule eliminating fourth element notice as required under Pelegrini II, effective May 30, 2008). Thus, any error related to this element is harmless.

The Veterans Claims Assistance Act of 2000 (VCAA) notice requirements apply to all five elements of a service connection claim. These are: (1) veteran status; (2) existence of a disability; (3) a connection between a veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. See Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006), aff'd, Hartman v. Nicholson, 483 F.3d 1311 (Fed. Cir. 2007). Of particular importance, in Dingess/Hartman, the Court held that the VCAA notice must include notice that a disability rating and an effective date of the award of benefits will be assigned if service connection is awarded.

Additionally, in Kent v. Nicholson, 20 Vet. App. 1, 10 (2006), the Court held that VA must notify a claimant of the evidence and information that is necessary to reopen the claim, as well as the evidence and information that is necessary to establish entitlement to the underlying claim for the benefit sought by the claimant. The duty to notify requires, in the context of a claim to reopen, that the Secretary look at the bases for the denial in the prior decision and respond with a notice letter that describes what evidence would be necessary to substantiate that element or elements required to establish service connection that were found insufficient in the previous denial. 

The U.S. Court of Appeals for the Federal Circuit (Federal Circuit) has held that any error in a VCAA notice should be presumed prejudicial. The claimant bears the burden of demonstrating such error. VA then bears the burden of rebutting the presumption by showing that the essential fairness of the adjudication has not been affected because, for example, actual knowledge by the claimant cured the notice defect, a reasonable person would have understood what was needed, or the benefits sought cannot be granted as a matter of law. Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007). 

Although a letter dated in April 2010 informed the Veteran of the types of evidence needed in order to substantiate her underlying service connection claims, as well as the fact that new and material evidence was needed to reopen the claims, the letter failed to adequately notify her as required under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). A second letter, dated in July 2014, provided the Veteran with the specific reasons and bases for denial of the original claims by the AOJ. While this letter did not notify the Veteran that the last final denial of her claims was the 2009 Board decision or explain the finality of decisions, the claims were readjudicated in a December 2010 Statement of the Case (SOC), which provided the Veteran with notice about the finality of AOJ decisions under 38 C.F.R. § 3.104, as well as principles relating to aggravation of a preexisting disability under 38 C.F.R. § 3.306. The claims were again readjudicated in a September 2013 Supplemental Statement of the Case (SSOC), which informed the Veteran of the finality of Board decisions under 38 U.S.C.A. § 20.1100; the claims were readjudicated again in an August 2014 SSOC. 

Based on these facts, as well as the notice given, the Board finds that a reasonable person would know what evidence was needed in order to establish his or her claim. Therefore, any failure in the content or timing of the notice is not prejudicial. See Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Mayfield v. Nicholson, 
19 Vet. App. 103 (2005), rev'd on other grounds. 
The Board concludes that VA's duty to assist has been satisfied. The claims file contains the Veteran's service treatment records and post service VA and private treatment records. Additionally, the claims file contains the Veteran's statements in support of her claim. The Veteran has not referenced any outstanding, available records that she wanted VA to obtain or that she felt were relevant to the claim that have not already been obtained and associated with the record. Moreover, VA does not have a duty to provide a VA examination if the claim is not reopened. See Paralyzed Veterans of America v. Secretary of Veterans Affairs, 345 F.3d at 1355-57 (Fed. Cir. 2003).

Analysis

The Veteran is seeking to reopen previously denied claims for service connection of foot disabilities - either on a direct basis, or as argued that some incident of military service aggravated pre-existing disorders. In order to do so, the Veteran must submit new and material evidence as that term is defined by law. The Veteran has not done so, and the appeal will be denied. 

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active military service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. Service connection may be granted for any disease initially diagnosed after service, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish a right to compensation for a present disability, a veteran must show: "(1) the existence of a present disability; (2) the in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The law provides that for purposes of 3.303(b), where the veteran asserts entitlement to a chronic condition, but there is insufficient evidence of a diagnosis in service, the veteran can establish service connection by demonstrating a continuity of symptomatology since service, but only if the chronic disease is listed under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331, 1337-39 (Fed. Cir. 2013). For disabilities that are not listed as chronic under 38 C.F.R. § 3.303(b), the only avenue for service connection is by a showing of in-service incurrence or aggravation under 38 C.F.R. § 3.303(a), or by showing that a disease that was first diagnosed after service is related to service under 38 C.F.R. § 3.303(d). 

Additionally, service connection for certain chronic diseases, such as arthritis, may be established on a presumptive basis by showing that the disease manifested itself to a degree of 10 percent or more within one year from the date of separation from service. 38 C.F.R. §§ 3.307(a)(3), 3.309(a) (2014).

Under principles of VA law, however, a congenital or developmental defect is generally not a condition for which service connection may be granted, inasmuch as it is deemed to have preceded any period of military service. See 38 C.F.R. 
§ 3.303(c) (2014).

However as here, a finally decided claim will be reopened if new and material evidence is presented. 38 U.S.C.A. § 5108; Hodge v. West, 155 F.3d 1356, 1359-60 (Fed. Cir. 1998). "New" evidence means evidence not previously submitted to agency decision makers. "Material" evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative, nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a) (2014).

The law requires that, in order to reopen a previously and finally disallowed claim, there must be new and material evidence presented or secured since the time that the claim was finally disallowed on any basis. See Evans v. Browns, 9 Vet. App. 273 (1996). When determining whether the claim should be reopened, the credibility of the newly submitted evidence is presumed. See Justus v. Principi, 3 Vet. App. 510 (1992). 

The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki,
24 Vet. App. 110, 117 (2010). Furthermore, in determining whether this low threshold is met, VA should not limit its consideration to whether the newly submitted evidence relates specifically to the reason why the claim was last denied, but instead should ask whether the evidence could reasonably substantiate the claim were the claim to be reopened, either by triggering the Secretary's duty to assist or through consideration of an alternative theory of entitlement. Id. at 118.

Regardless of the AOJ's determination as to whether new and material evidence has been submitted, the Board has a jurisdictional responsibility to determine whether a claim previously denied is properly reopened. See Jackson v. Principi, 265 F.2d 1366 (Fed. Cir. 2001) (citing 38 U.S.C.A. §§ 5108 , 7105(c)). Accordingly, the Board must initially determine whether there is new and material evidence to reopen a previously denied claim.

As noted above, in its August 2009 decision, the Board concluded that the evidence received since the previous final denials (a February 2003 Board decision, which denied service connection for a right foot disorder, and a July 2000 rating decision, which denied service connection for a left foot disorder) was neither new, nor material. Accordingly, the Board denied reopening the Veteran's claims. As such, the decision is not subject to revision except upon the receipt of new and material evidence. 38 U.S.C.A. § 5108, 7104; 38 C.F.R. § 3.156. 

Evidence received since the August 2009 Board decision includes private records showing that the Veteran has received treatment for bilateral foot pain. These records include x-rays, with a subsequent diagnosis of bilateral metatarsalgia. In addition, there is an October 2010 treatment record from A.J.S., Doctor of Podiatric Medicine, who diagnosed the Veteran with hyperkeratosis, metatarsalgia submetatarsal, left and right foot, and an anterior cavus deformity. In his treatment plan, he noted that the Veteran's "congenital foot type" resulted in increased forefoot pressures and callus formations. Also of record are multiple written statements from the Veteran in support of her claims.

The Veteran's private and VA treatment records are new, because they were not of record at the time of the August 2009 Board decision. However, they are not material because they fail to suggest either that the Veteran's bilateral foot disorder is a result of some incident of service, was aggravated beyond its normal progression during service, or that arthritis manifested to a compensable degree within one year of separation from service. 

To the extent that the record indicates continuing medical treatment of claimed foot disorders, the evidence is not material. See generally Morton v. Principi, 3 Vet. App. 508 (1992); Mingo v. Derwinski, 2 Vet. App. 51 (1992) (observing that evidence of a claimant's current condition is not generally relevant to the issue of service connection, absent some competent linkage to military service). 

Various treating physicians throughout the record, to include the current attempt to reopen the claims, have reported the Veteran's account of having sustained these foot disorders in service. However, there is no competent medical evidence (i.e., from medically trained professionals) that has indicated such a connection. Although the Veteran has reported her contentions to her physicians in this respect is not evidence but merely reiterations of previously rejected factual accounts. Leshore v. Brown, 8 Vet.App. 406 (1995) (the mere transcription of medical history does not transform the information into competent medical evidence merely because the transcriber happens to be a medical professional).

As to the Veteran's personal statements in support of her claims, while these statements are new, they are not material because they are essentially a restatement of her contentions made at the time of the August 2009 Board decision. They neither raise a reasonable possibility of substantiating the claims, nor relate to an unestablished fact necessary to substantiate the claims. 

The Board thus concludes that although the evidence received since the August 2009 Board decision is new, because it does not raise a reasonably possibility of substantiating the Veteran's claims, it does not constitute new and material evidence sufficient to reopen the claims of entitlement to service connection for a right and left foot disability. 


ORDER

New and material evidence not having been received, the claim to reopen the issue of entitlement to service connection for a right foot disability is denied.

New and material evidence not having been received, the claim to reopen the issue of entitlement to service connection for a left foot disability is denied.




____________________________________________
Vito A. Clementi
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs