Robert **GOODMAN,** Appellant,

v.

Edward J. **DERWINSKI,** Secretary of Veterans Affairs, Appellee.

No. 90–474.

United States Court of Veterans Appeals.

Submitted April 12, 1991.

Decided May 30, 1991.

Andrew H. Marshall (non-attorney practitioner) and Ronald L. Smith, were on the brief, for appellant. Andrew H. Marshall (non-attorney practitioner) was on the pleadings, for appellant.

Raoul L. Carroll, General Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Adrienne Koerber, were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and STEINBERG, Associate Judges.

NEBEKER, Chief Judge:

Appellant, Robert Goodman, appeals from the February 14, 1990, decision of the Board of Veterans' Appeals (Board or BVA) which denied entitlement for a total disability rating for compensation purposes based upon individual unemployability. *See* 38 C.F.R. § 4.16 (1990). The brief discussion in the Board's decision which led to the conclusion that appellant did not meet the criteria for individual unemployability, failed to account for a service-connected disability rated at 30%. We, therefore, deny the Secretary's motion for summary affirmance and reverse the decision of the Board and remand the case for an adequate statement of reasons or bases in compliance with 38 U.S.C. § 4004(d)(1) (1988).

As a result of military service from December 1942 to April 1945, appellant has several service-connected disabilities which combine for a 70% disability rating. The 70% disability rating is composed of the following disabilities: defective hearing, 40%; anxiety reaction secondary to post concussion syndrome, 30%; tinnitus, 10%; shrapnel wounds, scars, face and neck, 10%; dermatitis, hands and feet, 10%; shrapnel wounds, scars, right leg and shoulder, noncompensable; otitis media, suppurative, chronic (permanent perforation of the tympanic membrane), noncompensable.

On June 6, 1988, appellant filed a Statement in Support of Claim requesting a review and reevaluation of his service-connected disabilities asserting they had increased in severity. The statement was accepted by the Department of Veterans Affairs (VA) as a claim for a total disability rating for compensation purposes based on individual unemployability.

In July 1988 appellant underwent a limited medical and a psychiatric examination. In August 1988 an audiological evaluation was performed. A letter dated December 29, 1988, notified appellant of the rating decision which confirmed and continued his previously assigned disability ratings and denied his request for individual unemployability. Appellant filed his Notice of Disagreement on March 8, 1989. The BVA concluded that "[t]he criteria for a total rating based upon being individually unemployable due to service-connected disabilities are not met[,]" *Robert Goodman*, loc. no. 005471, at 6 (BVA Feb. 14, 1990). Appellant noted a timely appeal to this Court.

On appeal appellant argues that the Board's decision contains two errors. First, he argues that the Board weighed appellant's age and non-service-connected disabilities in deciding the unemployability issue, and second, that the Board failed to consider the service-connected anxiety condition rated at 30% disabling.

The Secretary responded by moving for summary affirmance, arguing that the Board did not improperly consider appellant's age and non-service-connected disabilities. We agree. The Board specifically stated: "For VA purposes, in order to establish entitlement to a total rating based upon being individually unemployable due to service-connected disabilities, the evidence must establish that appellant is unable to obtain or retain employment *solely* because of his service-connected disabilities. *This is not the case here.*" *Goodman*, loc. no. 005471, at 5 (emphasis added). *See* 38 C.F.R. § 3.341(a) and § 4.19 (1990).

The Secretary's motion, however, overlooks appellant's second argument which must be considered. While it is true that the Board recounts the 30% disability rating for appellant's anxiety condition, there is no analysis of the anxiety condition or its

effect on appellant's ability to secure and follow a substantially gainful occupation in that portion of the decision which must contain the reasons or bases for the conclusion reached.

Since our first opportunity to address the "reasons or bases" requirement of 38 U.S.C. § 4004(d)(1), this Court has consistently required the BVA to comply with the statutory mandate to provide reasons or bases on the record for its findings and conclusions. *Gilbert v. Derwinski,* 1 Vet. App. 49 (1990); *see, e.g., Murphy v. Derwinski,* 1 Vet.App. 78 (1990); *Sammarco v. Derwinski,* 1 Vet.App. 111 (1991); *Green v. Derwinski,* 1 Vet.App. 121 (1991); *Hyder v. Derwinski,* 1 Vet.App. 221 (1991). As we explained in *Gilbert,* the reasons or bases requirement is essential to permit effective and approximately limited judicial review. *Gilbert,* 1 Vet.App. at 56 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196–97, 67 S.Ct. 1575, 1577–78, 91 L.Ed. 1995 (1947) and *International Longshoremen's Assoc. v. National Mediation Bd.,* 870 F.2d 733, 735 (D.C.Cir.1989). Although the present Board decision was rendered before *Gilbert* and the cases which followed, the reasons or bases requirement of § 4004(d)(1) was enacted on November 18, 1988, and became effective on January 1, 1989. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 205, § 401(d), 102 Stat. 4105, 4111, 4122 (1988).

In the present case, the Board's failure to account for the anxiety condition, rated at 30% disabling, is especially conspicuous, since appellant's application for increased compensation based on unemployability listed his service-connected disability which prevented him from securing employment as "nerves." R. at 2. Accordingly, we REVERSE the February 14, 1990, decision of the Board and REMAND the case for compliance with § 4004(d)(1). The statement of reasons or bases should include the impact of appellant's anxiety condition both alone and in combination with his other service-connected disabilities on his ability

to secure and follow a substantially gainful occupation. *See* 38 C.F.R. § 4.16(a).