**Sheral A. MINGO, Appellant,**

**v.**

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–992.**

United States Court of Veterans Appeals.

Submitted on Aug. 21, 1991.

Decided Jan. 3, 1992.

Sheral A. Mingo, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, D.C., were on the brief, for appellee.

Before MANKIN, HOLDAWAY and IVERS, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant seeks review of an August 2, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for an acquired psychiatric disorder and denied a total compensation rating based on individual unemployability due to a service-connected disability. We affirm the BVA with regard to the denial of service connection for an acquired psychiatric disorder and remand for readjudication of the individual unemployability issue.

## FACTS

Appellant served in the Air Force between March 1979 and September 1984. Her service medical records reflect treatment for headaches in July 1981 and extensive orthomaxillary surgery in January and September 1982. Between December 1982 and January 1983, appellant was seen in a mental health clinic six times. No psychiatric diagnosis was given, although routine psychological testing was done on at least one occasion. In January 1984 she was seen at a different mental health clinic for a security clearance evaluation. The psychologist stated that he "[saw] no mental health disorder." Appellant's separation exam did not indicate any psychiatric problems.

In February 1987, appellant filed a claim for benefits with the Veterans' Administration (now Department of Veterans Affairs) (VA) because of her dental surgery in service, alleging sinusitis, her dental condition, severe headaches, and dizzy spells. A VA medical examination was done in May 1987. The IMPRESSION of the examining doctor was that the "headaches, cause undetermined may relate to sinus disease. There is a possibility that migraine could be entertained." The VA Regional Office (VARO) apparently granted her a rating for maxillary sinusitis with headaches which she immediately appealed, asking for a higher rating. (Nothing appears in the Record on Appeal (ROA) which gives a specific rating percentage for the initial rating.)

While her appeal to the VARO was pending (October 1988 to January 1989), appellant was referred to the psychology department at a VA Medical Center after her headaches continued despite medical treatment. Dr. Reston, a VA psychologist, reported that the headaches had become the focus of appellant's life. Psychiatric symptoms, including obsessive behavior, were recorded for the first time. In January 1989, psychological testing was done, resulting in a diagnosis of major depression.

As a result of her appeal for a higher rating for her sinusitis, the VARO granted her a 30% rating for maxillary sinusitis with headaches in January 1989. In February 1989, appellant applied for increased compensation based on individual unemployability. She stated:

> I am in an unemployable status ... due to the constant severe headaches and the medication to control them and the depression, obsessive compulsive behavior. I am taking antidepressants, antihistamines and several migraine medications that all leave me drowsy. I am not able to function while taking these medications as directed.

In July 1989, the VARO denied service connection for an acquired psychiatric disorder, stating that the mental health treatment in service was "acute and transitory" with "no residuals." The VARO also determined that appellant's "currently diagnosed major depression [was] not shown to be due to service, nor was it shown within the presumptive period." Individual unemployability based on service-connected disability was also denied.

Appellant filed a Notice of Disagreement on July 19, 1989. She requested an informal hearing in August 1989 in a letter to the RO. Included in this letter was a request for educational benefits. An informal hearing was held in August 1989. The hearing officer affirmed the RO. The BVA, however, remanded the case to the RO with specific instructions that appellant be examined by a panel of three psychiatrists who had not previously examined her and that psychological testing be done. This was accomplished in March 1990. The psychiatric panel's report confirmed appellant's previous diagnoses of "Obsessive compulsive personality" and "Dysthymic disorder." The panel further stated: "We do not feel that the sinusitis and headaches are directly related to [appellant's] personality type or her dysthymic disorder."

The Board issued a decision on August 2, 1990, stating:

Clearly, the veteran's acquired psychiatric disorder, dysthymia, was demonstrated years post service and is unrelated to any in-service incident or to her service-connected sinusitis with headaches.... [T]he veteran's service-connected maxillary sinusitis with frequent headaches does not present a picture of unemployability. It must be stressed that being unemployed is not synonymous with being unemployable. Further, the veteran has a wide range of employment options. Accordingly, a total rating based on individual unemployability due to a service-connected disability is not warranted.

*Sheral A. Mingo*, BVA 90–26740 (June 20, 1990). The veteran filed a timely appeal to this Court.

## ANALYSIS

I. Entitlement to Service Connection for Acquired Psychiatric Disorder.

 The BVA's finding in this case that "[a]n acquired psychiatric disorder is not shown to have been present in service and was initially demonstrated several years following service separation" is a finding of fact. This Court reviews findings of fact under the "clearly erroneous" standard of review. *Gilbert v. Derwinski*,

1 Vet.App. 49, 52 (Oct. 12, 1990). "[I]f there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." *Id.* In this case, the first notations of a possible psychiatric disorder were not made until 1988 by a VA psychologist, Dr. Reston. A review of Dr. Reston's treatment records shows no diagnosis or contention that appellant's psychiatric condition is related to the visits to the mental health clinic during service or to anything other than appellant's condition while he was treating her. Based on the lack of psychiatric diagnosis in the service medical records, the lack of reported connection between her condition in service and her current condition, and the report from the panel of psychiatrists, the BVA finding is certainly plausible. The BVA decision also contains a discussion adequate to comply with the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). Accordingly, as to the issue of service connection for acquired psychiatric disorder, the August 2, 1990, BVA decision is AFFIRMED.

II. Entitlement to Compensation Based on Individual Unemployability.

The applicable regulation is 38 C.F.R. § 4.16(b) which states in pertinent part:

It is the established policy of the Department of Veterans Affairs that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled....

 A "decision of the Board shall include ... a written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all issues of fact and law presented on the record." 38 U.S.C. § 7104(d)(1). *See Gilbert*, 1 Vet.App. at 56–57. When the Board finds a veteran is not eligible for compensation due to individual unemployability, the decision must include an explanation of the BVA's reasons for so concluding according to the applicable regulations. *See Hatlestad v. Derwin-*

*ski,* 1 Vet.App. 164, 169–70 (1991). The BVA's conclusions here that appellant's "service-connected maxillary sinusitis with frequent headaches does not present a picture of unemployability" and that "the veteran has a wide range of employment options" fail to meet the "reasons or bases" requirement of § 7104.

In addition, the BVA decision contains no assessment of appellant's testimony that the medications she must take to control her headaches leave her unable to function. BVA decisions must contain "an analysis of the credibility or probative value of the evidence submitted by and on behalf of the veteran in support of [her] claim [or] a statement of the reasons or bases for the implicit rejection of this evidence by the Board." *Gilbert,* 1 Vet.App. at 59. *See also Hatlestad,* 1 Vet.App. at 169–70 (veteran's sworn testimony is evidence, the credibility of which must be assessed by the Board).

Counsel for the Secretary states in her brief that "VA psychiatrist and psychologists have found that in all probability, [appellant's] headaches are symptoms of a marked major depression or acquired psychiatric disorder." Secretary's Motion (accepted in lieu of brief) at 5. Our review of the Record on Appeal finds no such definite diagnosis of a *single* cause, other than maxillary sinusitis, for appellant's headaches. Nor is there a medical assessment of the effects, or side effects, of appellant's medications for her service-connected maxillary sinusitis with headaches on her unemployability.

Accordingly, we REMAND the issue of individual unemployability for an assessment of the credibility of appellant's testimony and statements, a determination of the effects of appellant's medications on her unemployability, readjudication, and a decision which complies with the "reasons or bases" requirement of 38 U.S.C. § 7104.

If the Board, on remand, finds that appellant is unemployable due to non-service-connected headaches or their side-effects or some other non-service-connected disability, the Board must point to independent medical evidence in the record to support its findings. *Colvin v. Derwinski,* 1 Vet.App. 171, 175 (1991). "If the medical evidence of record is insufficient ... the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination or citing recognized medical treatises in its decision[ ] that clearly support its ultimate conclusions." *Id.*

### III. Entitlement to Educational Assistance.

█ We note that appellant also requested educational assistance when she asked for a formal hearing in August of 1989. Nothing in the ROA indicates that claim was ever considered. "[T]he BVA must review all issues which are reasonably raised from a liberal reading of the appellant's substantive appeal." *Myers v. Derwinski,* 1 Vet.App. 127, 129 (1991). *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991), extended this "liberal reading to include issues raised in all documents or oral testimony submitted prior to the BVA decision." If this issue has not already been addressed by the VARO and the BVA, it should be addressed on remand.