**Edward W. PRATT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–955.**

United States Court of Veterans Appeals.

Argued July 21, 1992.

Decided Sept. 24, 1992.

Joseph A. Violante, Washington, D.C., was on the brief, for appellant.

Michael A. Leonard, with whom James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

FARLEY, Associate Judge:

Appellant, Edward W. Pratt, seeks reversal of a February 19, 1991, Board of Veterans' Appeals (BVA or Board) decision which denied him entitlement to a total disability rating based upon individual unemployability. The Secretary of Veterans Affairs (Secretary) has moved for summary affirmance. The Court concludes that the BVA failed to articulate "reasons or bases" as required by 38 U.S.C. § 7104(d)(1) for, inter alia, its bare finding that the evidence does not permit the conclusion that appellant's unemployability is due to service-connected disabilities or for its "conclusion of law" that appellant's service-connected disabilities "alone" do not establish unemployability. Accordingly, the BVA decision of February 19, 1991, will be vacated and the matter remanded pursuant to 38 U.S.C. § 7252(a) (formerly 4052(a)).

I.

Appellant served in the United States Marine Corps from January 19, 1942, until October 22, 1945, when he was discharged due to wounds received in combat. R. at 59. His present combined service-connected disability rating of 80% includes: a 60% rating (from 1988) for residuals of fracture of the left wrist, to include loss of use of the left hand; 50% (from 1971) for anxiety reaction; 10% (from 1945) for residuals of a gunshot wound to the left knee; 10% (from 1951) for osteoma of the left femur. R. at 15–16. Appellant receives special monthly compensation for loss of use of the left hand. *Id.* The record indicates that appellant has additional non-service-connected disabilities including "systematic arthritis of multiple joints, cardiovascular pathology, and a thyroid disorder." R. at 44. Appellant also has a recent history of two heart attacks. R. at 31.

In 1970, appellant retired from a position he had held for 22 years as a supply man for the United States Air Force at Hanscom Field. R. at 30. From 1972 to 1982, appellant was a state civil service employee in the Speaker's Office at the State House. *Id.* This employment was terminated by retirement, but it is not clear whether it was "ordinary" retirement or disability retirement. *Compare* R. at 30 ("I went out under and [sic] ordinary retirement.") *with* R. at 37 ("Ordinary disability.... I couldn't walk anymore."). Appellant has been unemployed since 1982. R. at 38.

On October 5, 1988, appellant reopened his claim for "his left wrist condition." R. at 1. Following an examination (R. at 4), he received a rating on August 8, 1989, which "increased the evaluation for the veteran's service connected left wrist disorder from 10% to 60% and now characterized said service connected disability as loss of use of left hand...." R. at 41. Twenty days later, on August 28, 1989, appellant applied for increased compensation based upon unemployability. R. at 9–10. In block 7, a space for describing the service-connected disability that prevents employment, appellant wrote: "All my conditions." *Id.* He also indicated in block 18 that he had left his previous job due to disability and in block 21 that he had not tried to obtain employment because it was "impossible." *Id.* Notwithstanding the appellant's claim that he was unemployable due to "all my [service-connected] conditions," his claim was denied in a rating decision dated December 28, 1989, which only made reference to the wrist condition.

Appellant filed a Notice of Disagreement on February 28, 1990, and requested a hearing. R. at 17. Following the issuance of a Statement of the Case (R. at 19–22), a hearing was held on June 20, 1990. R. at 23–39. The hearing officer denied the claim (R. at 41–44), as did the BVA. *Edward W. Pratt,* BVA 91–12696 (Feb. 19, 1991).

## II.

■ Appellant and the Secretary agree on two issues. First, appellant is now unemployable, as the Secretary agreed at oral argument, and he was unemployable at the time of the BVA decision. *See Pratt,* BVA 91–12696, at 4 ("[W]e do not dispute the fact that he is currently unemployable"). Second, the standard of review to be applied by this Court is the "clearly erroneous" test of 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1991). If the Court were to find that there is a plausible basis in the record for the BVA's conclusion that appellant has not been rendered unemployable solely because of his service-connected disabilities, then the Court would adopt the

Secretary's position and affirm the BVA decision. On the other hand, if unable to find such a plausible basis, the Court would agree with the appellant and reverse the BVA decision. Based upon its review of the record, the briefs submitted by the parties, and the oral argument held on July 21, 1992, the Court concludes that there is an insufficient predicate for either affirmance or reversal. Simply stated, the BVA decision ignores more questions than it answers and fails to provide an adequate statement of the reasons or bases for its findings and conclusions as is required by 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). A remand is required pursuant to 38 U.S.C. § 7252(a) to correct these defects.

### A.

In the "DISCUSSION AND EVALUATION" section of its decision, the BVA commented as follows:

> [W]e do not dispute the fact that he is currently unemployable. The question is how much can be attributed to service-connected disabilities and how much to nonservice-connected disabilities and other factors such as advancing age.

*Pratt,* BVA 91–12696, at 4. The BVA did not answer this question. Instead, the BVA merely offered, without the statement of reasons or bases required by 38 U.S.C. § 7104(d)(1), that "the evidence does not provide for a conclusion that the veteran has been rendered incapable of successful participation in substantially gainful employment as a result of his service-connected disorders." *Id.* A remand will permit the BVA to readjudicate the claim and, if it persists in its view, to include the requisite statement of the reasons or bases for its findings and conclusions. *Fluharty v. Derwinski,* 2 Vet.App. 409, 411–12 (1992) (remand for a statement of reasons or bases for the BVA's statement that it was "not persuaded" that appellant was unemployable); *see also Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 169–70 (1991); *Mingo v. Derwinski,* 2 Vet.App. 51, 53–54 (1992).

### B.

The BVA does not explicitly find or conclude that appellant's conceded unemployability is due to his non-service-connected heart condition and/or advancing age. However, immediately following the unsupported conclusion that there is no evidence that the service-connected disabilities caused appellant's unemployability, the BVA cited information from appellant and his son which, in the words of the BVA, "reveals" that appellant's 1970 and 1982 retirements "were not brought about because of disability." *Pratt*, BVA 91–12696, at 4. The Board then stated that "a non-service-connected heart disability has been the veteran's most symptomatic disability in the recent past." *Id.*

■ In the first place, the Board again has failed to provide appellant or this Court with the reasons or bases for ignoring evidence to the effect that appellant left his civil service position due to disability. *See, e.g.*, R. at 37 (retired due to "ordinary disability"; "I couldn't walk anymore"). More important, it appears that the BVA's analysis may have been legally flawed. In its recitation of THE LAW AND REGULATIONS, the BVA correctly notes that a total disability rating for compensation may be granted when the schedular rating is less than 100% if "it is found that the service-connected disabilities are sufficient to produce unemployability without regard to advancing age." *Pratt*, BVA 91–12696, at 3. In its "CONCLUSION OF LAW," however, the BVA stated that this appellant is not unemployable "due to service-connected disabilities *alone*." *Id.* at 6 (emphasis added). The distinction between the two statements is subtle, but potentially significant.

Under 38 C.F.R. § 4.16(a), a determination concerning unemployability indeed must be made on the basis of service-connected disabilities alone; "nonservice-connected disabilities ... will be disregarded." Even if, as it appears, the BVA determined that appellant's unemployability was a result of his age and non-service-connected heart condition, its task was not finished. The BVA still was required to decide, without regard to the non-service-connected dis-

abilities or his age, whether appellant's service-connected disabilities are sufficiently incapacitating as to render him unemployable. That was not done. Moreover, the BVA failed to "consider the relationship, if any, between appellant's service-connected and non-service-connected disabilities." *Fluharty*, 2 Vet.App. at 413.

### C.

■ The BVA's treatment of appellant's service-connected disabilities also is inadequate:

> As for the disabilities for which service connection is in effect, **there has been no indication** in the recent medical evidence that the veteran's psychiatric symptomatology has worsened to any appreciable extent. The only service-connected disability for which the veteran has received treatment in the recent past is his left wrist disability. **There has been no indication** that the remaining service-connected disorders will prevent the veteran from engaging in some form of gainful employment. As for the left wrist disorder, it does pose a material industrial handicap. However, the veteran is right-handed, not left-handed, and the evidence does not show the wrist symptomatology to be so incapacitating as to preclude the veteran from all types of gainful employment.

*Pratt*, BVA 91–12696, at 4–5 (emphasis added). The BVA's iteration of the phrase "there has been no indication" points out another omission: the February 19, 1991, decision is wholly silent on any aspect of appellant's service-connected mental ("anxiety reaction") or leg ("gunshot wound of left knee": "osteoma, left femur") disabilities. Nor is there any medical evidence showing how appellant's wrist disability relates to any employment. Just as in *Goodman v. Derwinski*, 1 Vet.App. 280, 282 (1991), "the Board's failure to account for the anxiety condition, rated at [here, 50%] disabling, is especially conspicuous ..." since appellant's application for increased compensation was specifically based on "all my conditions." R. at 9. A remand will permit further development and insure an

adjudication based upon all of appellant's service-connected disabilities.

### D.

 Appellant and his son both testified that during appellant's employment from 1972 to 1982, concessions were made by his employers and co-workers to accommodate his disabilities. Appellant said, "I did a custodial ... actually it was mostly to answer the telephone, and occasionally lift the water bottles and things like that, but it was a menial job, just to help me support my family...." R. at 30. According to his son,

> [I]t was very little [work], at best, it was a very caring, concerned attitude among people, in that working situation. Knowing his situation and how he was.... He did do some sort of work, but a lot of it was sitting around answering phones[,] emptying an occasional wastebaskets [sic], he did have to take in the water from the water company, but was accompanied by pages, etc[.], to lift the water for him.

R. at 33–34.

Appellant's representative argued to the BVA that the appellant was incapable of maintaining "substantial" gainful employment, with "the key word being 'substantial'." R. at 60. Pursuant to 38 C.F.R. § 4.18,

> A veteran may be considered as unemployable upon termination of employment which was provided on account of disability, or in which special consideration was given on account of the same, when it is satisfactorily shown that he or she is unable to secure further employment.

Notwithstanding the testimony by appellant and his son, as well as the emphasis upon "substantial" employment by appellant's representative, the BVA decision neither mentioned nor discussed 38 C.F.R. § 4.18. Again, a remand will provide the Board with the opportunity to do just that.

### III.

A remand is necessary to permit the Board the opportunity to assist the appellant in developing the facts pertinent to his claim, consider the jurisprudence of this Court and to perform "a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). If, on remand, the Board is "unable to determine whether appellant's unemployability is caused by his non-service-connected disabilities or by his service-connected disabilities ... then the evidence may be so evenly balanced that" the appellant is entitled to the benefit of the doubt under 38 U.S.C. § 5107(b). *Fluharty*, 2 Vet.App. at 413.

Accordingly, for the reasons noted above, the February 19, 1991, BVA decision is VACATED and the case is REMANDED for proceedings consistent with this decision.

*It is so Ordered.*