**Elbert R. POWELL, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–998.

United States Court of Veterans Appeals.

May 20, 1993.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Korean-conflict veteran Elbert R. Powell, appeals from a March 7, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying entitlement to service connection for Hodgkin's disease with anemia (HD) and lung cancer, both of which he claims resulted from exposure to ionizing radiation. *Elbert R. Powell*, BVA 91–07400 (March 7, 1991). In his Statement of Issues and brief, the appellant asserts error in the Board's adjudication of those two claims and in the Board's failure to adjudicate claims for service connection for autoimmune hemolytic anemia, premature aging, osteoporosis, and osteomyelitis, which he also asserts resulted from inservice radiation exposure. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance.

In October 1992, the Court consolidated this appeal with the appeals in *Hamilton v. Brown*, No. 90–470, and *Contreras v. Brown*, No. 91–990, for the limited purpose of resolving issues pertaining to the Court's jurisdiction in each case. In an April 15, 1993, opinion, the Court en banc held that it did not have jurisdiction, under section 402 of the Veterans' Judicial Review Act, Pub.L. No. 100–687, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)), over Mr. Powell's appeal as to his HD and lung-cancer claims because he had not filed a timely Notice of Disagreement (NOD) on or after November 18, 1988, with respect to those claims. *Hamilton v. Brown*, 4 Vet. App. 528, 543–544, (U.S.Vet.App.1993) (en banc). The Court, therefore, dismissed the appeal as to the HD and lung-cancer claims. However, the Court held that it had jurisdiction over the veteran's osteoporosis, osteomyelitis, and premature aging claims because the veteran had filed a valid NOD on or after November 18, 1988, as to those claims. *Id.* at 544–545. Accordingly, the Court issues the instant decision, which is limited to those claims over which the Court has jurisdiction. The Court will remand to the BVA the veteran's osteoporosis, osteomyelitis, and premature aging claims.

On April 28, 1988, in the course of a previously initiated appeal of a Veterans' Administration (now Department of Veterans Affairs) (VA) regional office (RO) denial of his HD and lung-cancer claims, the veteran filed a VA Form 1–9 (Appeal to the BVA), requesting a hearing at the RO. R. at 202. In that 1–9 Appeal, the veteran (through his representative) stated that he suffered from numerous diseases, including lung cancer, HD, autoimmune hemolytic anemia, premature aging, osteoporosis, osteomyelitis, and a lymphatic disorder. *Ibid.* In May 1988, he submitted a memorandum in support of his claims, asserting entitlement to service connection based on radiation exposure for the numerous conditions listed in the 1–9 Appeal. R. at 204–22.

On June 1, 1988, he testified under oath at an RO hearing. R. at 223–48. The hearing officer asked whether the veteran wanted to amend his claim to include the issues of service connection for conditions other than lung cancer and HD. R. at 247. After some discussion, in which the veteran stated that he did not want his claim to be delayed any further and a recommendation by the hearing officer that he proceed only with the HD

and lung-cancer claims, the hearing officer stated that he would leave the claim as it was and that "the only issue will be service connection for carcinoma of the lung and [HD] with anemia." *Ibid.* Despite this, on January 10, 1989, the RO denied service connection for osteomyelitis, osteoporosis, and premature aging, as well as for lung cancer and HD with anemia. R. at 262.

In March 1989, the veteran submitted a "Supplemental Memorandum In Support Of Service–Connected Veteran's Disability Benefits", setting forth "additional facts" and asserting that he had submitted sufficient evidence of service connection for "his many medical afflictions", although not specifically mentioning osteomyelitis, osteoporosis, or premature aging. R. at 274–80. On May 7, 1991, the BVA denied service connection for lung cancer and HD. It did not mention osteomyelitis, osteoporosis, or premature aging.

In *Hamilton,* the Court determined that the RO had erred in adjudicating the osteoporosis, osteomyelitis, and premature aging claims in January 1989, after the veteran at his June 1988 RO hearing had stated that he wanted his appeal to proceed only on the HD and lung cancer claims, but that, once the RO had adjudicated those claims, the veteran was entitled to file an NOD, under 38 U.S.C.A. § 7105(a), (b) (West 1991), appealing the RO's denial of those claims. *Hamilton* at 544. The Court thus held that the March 1989 "Supplemental Memorandum" was a valid NOD with respect to the osteoporosis, osteomyelitis, and premature aging claims. *Id.,* 4 Vet.App. at 544–545. The Court further held that any failure by the veteran to file a formal application with respect to those claims "is deemed waived by the VA's failure to comply with the [38 C.F.R. §] 3.155(a) [ (1992) ] requirement to send him the formal application forms" upon receipt of his informal claim for benefits. *Id.* at 545,; *see also Servello v. Derwinski,* 3 Vet.App. 196, 198 (1992); *Quarles v. Derwinski,* 3 Vet.App. 129, 137 (1992).

■■■■ The Board is required to " 'review all issues which are reasonably raised from a liberal reading' " of "all documents or oral testimony submitted prior to the BVA deci-

sion." *EF v. Derwinski,* 1 Vet.App. 324, 326 (1991) (quoting *Myers v. Derwinski,* 1 Vet. App. 127, 129 (1991)). The Board was thus required to adjudicate the veteran's osteoporosis, osteomyelitis, and premature aging claims, which had been reasonably raised by the veteran. "Because the Board did not consider and discuss [those claims], the Court will not adjudicate [them] in the first instance." *Bernard v. Brown,* 4 Vet.App. 384, 394, (U.S.Vet.App.1993); *see also Archer v. Principi,* 3 Vet.App. 433, 436 (1992) (Court will not consider issues not considered by the Board); *Branham v. Derwinski,* 1 Vet.App. 93, 94 (1990) (issue not raised to BVA is generally "not properly before the Court"); *Gilbert, supra* (BVA's reasons or bases must be "clear enough to permit effective judicial review"). Therefore, remand is required for the Board to adjudicate those claims. On remand, the Board should consider preliminarily whether, in view of this Court's opinion in *Combee v. Principi,* 4 Vet.App. 78 (1992), the veteran's claims are well grounded. *See* 38 U.S.C.A. § 5107(a) (West 1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 81 (1990) (well-grounded claim is a "plausible" claim).

Although the appellant also contends that the Board erred in failing to adjudicate a claim for service connection for autoimmune hemolytic anemia, the Court notes that the Board did adjudicate a claim for service connection of "Hodgkin's disease with anemia", and, under *Hamilton,* 4 Vet.App. at 543, the Court does not have jurisdiction over that claim. Furthermore, the veteran did not raise to the RO or BVA a separate claim for service connection for anemia, and, even if such claim had been raised, the veteran's statement in his June 1988 RO hearing that he wanted his appeal to proceed on only the HD and lung-cancer claims precluded the RO and BVA from adjudicating a separate anemia claim at that time. *See Id.* at 544, (RO, in the instant case, erred in adjudicating osteoporosis, osteomyelitis, and premature aging claims contrary to claimant's stated wishes).

Upon consideration of the record and the pleadings of the parties, the Court denies the Secretary's motion for summary affirmance

and remands the matter to the BVA for prompt adjudication, on the basis of all evidence and material of record and all applicable law and regulation, of the osteoporosis, osteomyelitis, and premature aging claims. *See Mingo v. Derwinski,* 2 Vet.App. 51, 53–54 (1992); *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1992). "On remand, the veteran will be free to submit additional evidence and argument" on those claims. *Quarles,* 3 Vet. App. at 141.

REMANDED.