http://www.va.gov/vetapp16/Files3/1626392.txt

Citation Nr: 1626392 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 10-16 453 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New Orleans, Louisiana

THE ISSUES

1. Entitlement to an effective date earlier than August 5, 2011 for the grant of special monthly compensation due to housebound status. 

2. Entitlement to a rating in excess of 30 percent for coronary artery disease (CAD) prior to August 5, 2011, to include on an extraschedular basis.

3. Entitlement to a rating in excess of 60 percent for coronary artery disease (CAD) from December 1, 2011, to include on an extraschedular basis. 
 
4. Entitlement to an effective date prior to March 30, 2010, for assignment of a total disability rating based on individual unemployability due to service-connected disability (TDIU). 

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

T. S. Kelly, Counsel

INTRODUCTION

The Veteran, who is the appellant, served on active duty from March 1970 to February 1973 and from November 1990 to May 1991. 

This matter comes before the Board of Veterans' Appeals (Board) from April 2009, June 2012, and May 2013 rating determinations of the New Orleans, Louisiana Regional Office (RO) of the Department of Veterans' Affairs (VA).

In the April 2009 decision, the RO granted service connection for CAD and assigned a 10 percent rating effective March 2, 2009. In a subsequent April 2009 notice of disagreement, the Veteran disagreed with the initial 10 percent rating but did not express disagreement with the March 2, 2009 effective date. 

In the May 2013 rating determination, the RO granted special monthly compensation based upon housebound status and assigned an effective date of August 5, 2011. 

In a June 2015 decision, the Board, granted a 30 percent rating, but no higher rating for CAD, prior to August 5, 2011; denied an evaluation in excess of 60 percent for CAD from December 1, 2011; and assigned an effective of March 30, 2010, but no earlier for the assignment of a total disability rating based on individual employability due to service-connected disability (TDIU).

In the June 2015 decision, the Board also found that that referral to the Director of Compensation Services for extraschedular consideration was not warranted. The Board also found that an effective date earlier than August 5, 2011, for the assignment of special monthly compensation based upon housebound status was not warranted.

The Veteran subsequently appealed the decision to the United States Court of Appeals for Veterans Claims (Court). In a March 2016 Joint Motion for Partial Remand, the parties at that time, requested that the Court vacate that portion of the Board's decision that denied entitlement to an increased rating for CAD in excess of 30 percent prior to August 5, 2011; an increased rating for CAD in excess of 60 percent from December 1, 2011; (3) an earlier effective date for TDIU prior to March 30, 2010, and (4) and referral for extraschedular consideration, and that the Court remand the matters for further proceedings consistent with the motion (which will be addressed below). The parties also moved the Court to vacate without prejudice the portion of the Board's decision on appeal denying an earlier effective date for special monthly compensation based upon housebound status.

In an April 2016 rating determination, the RO increased the Veteran's left leg condition manifested as claudication, from noncompensable to 20 percent disabling, and assigned an effective date of December 10, 2015. In May 2016, the Veteran filed a notice of disagreement with the effective date of the assigned 20 percent evaluation. He elected the Decision Review Officer Process as the method to address his notice of disagreement. In a May 2016 letter, the RO noted the Veteran's notice of disagreement and his request to pursue the Decision Review Officer (DRO) Process. The RO indicated that a statement of the case would be issued if the matter could not be favorably resolved. Thus far, a DRO decision has not been issued. Based upon this interaction, the issue of earlier effective date for the assignment of the 20 percent disability evaluation for left leg claudication is not currently before the Board and will not be addressed in this decision.

The issues of entitlement to a rating in excess of 30 percent for CAD prior to August 5, 2011, to include on an extraschedular basis; entitlement to a rating in excess of 60 percent for CAD from December 1, 2011, to include on an extraschedular basis; and entitlement to an effective date prior to March 30, 2010 for assignment a TDIU, are remanded to the Agency of Original Jurisdiction (AOJ) via the Appeals Management Center (AMC) in Washington, DC. 

FINDINGS OF FACT

1. On June 23, 2015, a portion of the Board decision denied an effective date earlier than August 5, 2011, for the grant of special monthly compensation based upon housebound status. 

2. To ensure due process of law, that denial is vacated as the issue was not properly before the Board at that time. 

CONCLUSION OF LAW

The criteria for vacatur of the June 23, 2015, Board decision denying an effective date earlier than August 5, 2011 for the grant of special monthly compensation based upon housebound status have been met. 38 U.S.C.A. § 7104(a) (West 2014); 38 C.F.R. §§ 20.904(a), 20.700, 20.704 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Board may vacate an appellate decision at any time upon request of the appellant or his or her representative, or on the Board's own motion, when an appellant has been denied due process of law. 38 U.S.C.A. § 7104(a); 38 C.F.R. § 20.904.

In its June 2015 decision, the Board considered whether an earlier effective date could be awarded for the Veteran's entitlement to special monthly compensation. The Board observed that prior to August 5, 2011, the Veteran did not have one disability independently ratable as 100 percent disabling and a second disability or combination of disabilities ratable as 60 percent or more disabling, and was not shown to be housebound. Consequently, the Board found that it was precluded by law from assigning such an earlier effective date. 38 C.F.R. §§ 3.350(i), 3.400.

In the March 2016 JMPR, the parties agreed that vacatur without prejudice of the Board's denial of an earlier effective date for entitlement to SMC was required. The parties noted that in May 2013, the RO granted entitlement to SMC from August 5, 2011, based on statutory housebound criteria being met. The parties observed that the Board "considered whether an earlier effective date could be awarded for the Veteran's entitlement to SMC in the first instance. The parties noted that the RO had not addressed the issue of an earlier effective date for SMC, and thus the parties agreed that vacatur without prejudice of the Board's adjudication of this issue was necessary. See Bernard v. Brown, 4 Vet. App. 384, 391 (1993) ("the Board's jurisdiction is limited to deciding questions in 'appeals' of 'a matter which under [38 U.S.C. § 511(a)] is subject to decision by the Secretary' and which has been the subject of a decision by an [AOJ]").

Accordingly, that portion of the June 23, 2015 Board decision denying an effective date earlier than August 5, 2011, for the grant of special monthly compensation based upon housebound status is vacated. This vacatur is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2015).

ORDER

The action of the Board on June 23, 2015, in denying an effective date earlier than August 5, 2011, for the grant of special monthly compensation based upon housebound status, is vacated.

REMAND

As it relates to the claim of whether the Board should have referred the CAD increased evaluation issue to the Director of Compensation Services to determine whether an extraschedular evaluation was warranted, the parties, in the March 2016 JMPR, indicated that the Board failed to provide an adequate statement of reasons or bases in finding referral for extraschedular consideration unwarranted. In particular, the parties agreed the Board failed to discuss evidence of the Veteran's complaints of blurred vision associated with his CAD medication and whether this evidence presented an unusual or exceptional disability picture. See September 2009 VA treatment note ("[s]tates he occasionally gets blurry vision [and] thinks it started after he began taking metoprolol"); Oct. 2009 VA examination (current treatment with metoprolol, "which he states gives a good response[,] [t]he side effects are blurred vision")]; see also Mingo v. Derwinski, 2 Vet. App. 51, 54 (1992) (finding the Board's reasons or bases inadequate where it failed to consider evidence that medications used to control the veteran's headaches rendered her unable to function); see also Fisher v. Principi, 4 Vet. App. 57, 60 (1993) (veteran's medications were among factors that could have led Director of the Compensation Service to consider an extraschedular evaluation). 

Based upon the above, the Board will refer the matter to the Director of Compensation Services to determine whether an extraschedular evaluation is warranted. 

This referral may have a direct impact upon the issues of entitlement to a rating in excess of 30 percent for coronary artery disease (CAD) prior to August 5, 2011; entitlement to a rating in excess of 60 percent for coronary artery disease (CAD) from December 1, 2011; and entitlement to an effective date prior to March 30, 2010, for assignment of a TDIU, if the referral result in a higher extraschedular disability being assigned for the CAD at any point in time during the appeal period. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (the adjudication of claims that are inextricably intertwined is based upon the recognition that claims related to each other should not be subject to piecemeal decision-making or appellate litigation).

Accordingly, the case is REMANDED for the following action:

1. Refer the Veteran's claim for increased evaluations for CAD on an extraschedular basis to the either the Under Secretary for Benefits, or the Director of Compensation and Pension Service for consideration of an extraschedular evaluation under the provisions of 38 C.F.R. § 3.321(b)(1) as it relates to the CAD claim.

2. Based on the development requested hereinabove, the RO should review the Veteran's claim. Thereafter, the Veteran's claims of entitlement to evaluations in excess of those already assigned, to include on an extraschedular basis, and entitlement to an earlier effective date for TDIU, should be readjudicated. If any benefit sought on appeal is not granted the Veteran and his representative should be issued a Supplemental Statement of the Case, which should include all pertinent laws and regulations, and be afforded a reasonable opportunity to reply.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
K. Parakkal
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs