﻿Citation Nr: AXXXXXXXX
Decision Date: 02/26/19 Archive Date: 02/26/19

DOCKET NO. 181204-1337
DATE: February 26, 2019

ORDER

Entitlement to a total disability rating based on individual unemployability is granted, subject to the laws and regulations governing the award of monetary benefits.

FINDING OF FACT

The Veteran meets the schedular requirements for individual unemployability and the evidence is at least in equipoise as to whether his service-connected disabilities alone are of such severity so as to preclude substantially gainful employment. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for a total disability rating based on individual unemployability are met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.16(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from June 2003 to May 2012. 

The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction. 

Entitlement to a total disability rating based on individual unemployability

The Veteran contends that he is unable to work due to his service-connected disabilities. 

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when a veteran is unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: provided that, if there is only one such disability, such disability shall be ratable as 60 percent or more and if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more and sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a).

 

The Veteran is currently service-connected for a depressive disorder (50 percent); lumbar intervertebral disc syndrome (40 percent); tension headaches (30 percent); right lower extremity radiculopathy (20 percent); left lower extremity radiculopathy (20 percent); left hip strain (10 percent); tinnitus (10 percent); a limitation of left hip thigh extension (10 percent); and a limitation of left hip flexion (noncompensable). The combined rating is 90 percent from December 28, 2016. 

The agency of original jurisdiction found that the Veteran meets the schedular criteria for individual unemployability. 

In considering entitlement to individual unemployability, the pertinent inquiry is whether service-connected disabilities individually or in combination are of sufficient severity to produce unemployability - not whether a veteran is unemployable solely due to his service-connected disabilities. Hatlestad v. Brown, 5 Vet. App. 524, 529 (1993); Pratt v. Derwinski, 3 Vet. App. 269, 272 (1992).

In his April 2017 VA Form 21-8940, the Veteran reported that he last worked full-time in December 2015. He is a high school graduate and took some college classes. Information from his previous employer indicates he worked from July to December 2015 as a product acceptance specialist. The employer did not make any concessions due to disability. 

VA records dated in November 2016 document the Veteran’s reports that he was driving part-time for Uber. In February 2017, the Veteran reported self-employment with “random jobs”. 

The Veteran underwent multiple VA examinations in June 2017. He reported difficulty focusing and concentrating when he had headaches. Due to his back and hip conditions, he reported difficulty driving, walking and standing for long periods of time. His tinnitus caused difficulty hearing when it occurred and affected his ability to concentrate. During a mental disorders examination, the Veteran reported that he quit his last job so he could go back to school but he withdrew from school in March 2016 after 5 months. He tried working as an Uber driver twice but was unable to sit. He feels that he cannot work due to his medical issues. 

In January 2018, a private vocational expert (M.F., Ph.D, C.R.C.), indicated that he reviewed the Veteran’s VA medical history and he discussed the claimant’s service-connected disabilities and the impact they would have on his ability to be a productive employee. The vocational expert opined that the Veteran would not be able to meet the standing or sitting requirements, would be off task, and miss more work than is allowable by employers. It was vocational expert’s belief that the Veteran’s multiple conditions cause him to have severe limitations regarding work to the point that he would be unable to obtain or maintain any job in the national economy. Further, his restrictions in concentration, walking, and standing, the amount of days he would miss work, and the amount of pain he has, would make work impossible at this time. 

Evidence of record indicates the Veteran left his last job to attend school, but he was unable to complete his classes. The evidence also suggests that he may have had some sporadic and/or part-time employment since he last worked full-time in December 2015. The January 2018 vocational expert opinion, however, indicates severe limitations in the work environment and an inability to obtain or maintain substantially gainful employment. 

On review, the Board finds the evidence is at least in equipoise as to whether the Veteran’s service-connected disabilities are of such severity so as to preclude 

 

substantially gainful employment. Resolving reasonable doubt in his favor, the benefit is granted. 38 C.F.R. § 3.102. 

 

DEREK R. BROWN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. Carsten, Counsel